## DONNELL & als. versus GATCHELL.

The limitation bar is not suspended for six months from attaching to a cause of action, where the writ was abated, by reason of being brought in the wrong county.

FACTS AGREED.

ASSUMPSIT. The writ was dated March 30, 1853, and brought upon a note dated Nov. 14, 1846. The general issue was pleaded, and a brief statement filed, that the defendant relied upon the limitation bar.

The plaintiffs brought a suit on the same note on Nov. 12, 1852, returnable at the January term, in Lincoln county, in 1853, wherein James Smith of Brunswick, in the county of Cumberland was summoned as trustee.

That writ was abated on motion of defendant, because no trustee, residing in the county where it was pending, was summoned.

The case was submitted to the decision of the full Court.

*Barrows*, for defendant.

1. The action is barred by the R. S., c. 146, § 1, clause 4.

2. The former writ not having been abated for want of form, or by the death of either party, the case is not within the exception specified in R. S., c. 146, § 12.

Jurisdiction is one thing, form another. To prevent the statute from attaching, the action should have been commenced in a court by law having jurisdiction of the parties and the subject matter. R. S., c. 115, § 9, provides that no writ or process shall abate for want of form only, but there could be no such provision as to objections to the jurisdiction.

The Court will not add to the exceptions created by the statute. *Packard* v. *Swallow*, 29 Maine, 459; Angell on Limitations, 533.

*Sewall* and *Ingalls*, for plaintiffs.

1. It was the manifest intention of the Legislature, that a party should not be precluded from trying his action upon the merits, by any mistake of the officer in serving it, or of

the attorney in making it. The exception in R. S., c. 146, § 12, applies to all writs which are "abated" for whatever cause. The words, "for any matter of form," apply to the words, "or the action otherwise avoided or defeated," and not to the word "abated."

2. But if this is not the true reading, then we say the cause of the abatement of the first suit was matter of form. By R. S., c. 115, § 9, provision is made that no writ shall be abated "for want of form only." The two sections are to be construed together, and so construed as to give meaning to both. Matters of form, in c. 146, cannot mean the same thing as in c. 115. The provision in c. 146 is a senseless and unmeaning one if the term "form" is used in both sections in the same sense. A provision is made for a case, which on such a construction could never happen. The fair construction, therefore, is, that the term "form," as used in c. 146, is a much more comprehensive term than as used in c. 115, and embraces a class of cases not embraced in the latter chapter.

3. The former writ in this case was by law abateable. *Greenwood* v. *Fales*, 6 Greenl. 405. And for no cause affecting its merits, but for matter of form. If so, the present suit was commenced within the six months allowed by the exception in the statute, and the limitation Act cannot apply.

SHEPLEY, C. J.—The question presented is, whether this suit is within the exceptions to the operation of the statute of limitations, c. 146, § 12, permitting suits, commenced within six months after an abatement or defect of a former suit for the same cause of action, to be maintained.

It is alleged in argument, that it was the intention to permit a new suit to be maintained, whenever the first suit had been abated for any cause, or defeated for matter of form.

Writs may be abated on trial of issues of fact, and for causes which would prevent the maintenance of any suit for the same cause of action, between the same parties on the

same facts. It does not appear to have been the intention to suspend for six months the operation of the statute of limitations in such cases, to allow another action to be commenced. The statute only allows another action to be commenced within that time, when a writ has been abated or an action defeated "for any matter of form or by the death of either party."

The writ in the former action was not abated for any matter of form, but because it appeared upon inspection to have been commenced and made returnable in the county of Lincoln, when it should have been in the county of Cumberland.

This action not having been commenced within six years after the cause of action accrued, is barred by the statute of limitations. *Plaintiff nonsuit.*

TENNEY, APPLETON and CUTTING, J. J., concurred.