## HARDING P. WOODS & others *vs.* EDMUND H. HOUGHTON.

An action commenced, within the time allowed by the statute of limitations, by writ returnable according to law, containing a declaration adapted to the cause of action, is an " action duly commenced," within the meaning of Rev. Sts. c. 120, § 11, and if defeated for any matter of form, the plaintiff may commence a new action within one year after the determination of the first.

An abatement or dismissal, for want of jurisdiction, of a trustee process brought in a county in which neither of the trustees resides, is an abatement or dismissal for "matter of form," within the meaning of Rev. Sts. c. 120, § 11.

ACTION OF CONTRACT, commenced on the 10th of October 1851, on a promissory note, dated August 12th 1845, and payable on demand. A previous action of *indebitatus assumpsit* for money had and received, &c. had been brought for the purpose of recovering the same note, within six years from the date of the note, returnable to the court of common pleas for this county at September term 1851, against the defendant and a trustee, both residing in the county of Essex; which action was dismissed or abated, on motion of the defendant, for want of jurisdiction. The parties agreed that if, in the opinion of the court, said first action was sufficient to prevent the cause of action from becoming barred by the statute of limitations, the defendant should be defaulted; otherwise, the plaintiffs should become nonsuit.

*D. Foster*, for the defendant. The former action was insuffi-
cient to prevent the note in suit from becoming barred. The
case is not within Rev. Sts. *c.* 120, § 11. The former action was
not duly commenced, nor defeated for any matter of form. The
action, not being brought in the county in which the trustee
resided, the court had no jurisdiction over it; Rev. Sts. *c.* 109,
§ 7; it was a nullity, and would have been so treated by the
court *ex officio*, or on motion of any one as *amicus curiæ. Jacobs*
v. *Mellen*, 14 Mass. 135. *Bell* v. *Austin*, 13 Pick. 90. *Osgood* v.
*Thurston*, 23 Pick. 110. The jurisdiction could only have at-
tached by express consent of parties. Nor is this case within
the equity of the statute. See *Packard* v. *Swallow*, 29 Maine,
458 ; *Cook* v. *Darling*, 2 Pick. 605 ; Angell on Lim. *c.* 28 ;
*Karver* v. *James*, Willes, 255, and cases there cited.

*P. E. Aldrich*, for the plaintiffs.

METCALF, J.* The question is, whether this action is barred
by the statute of limitations — Rev. Sts. *c.* 120, § 1. The cause
of action accrued more than six years before the suit was com-
menced; but the plaintiff relies on § 11 of the same chapter, by
which it is provided, (among other things) that " if, in any action
duly commenced within the time in this chapter limited and
allowed therefor, the writ shall be abated, or the action otherwise
defeated, for any matter of form, the plaintiff may commence a
new action for the same cause, at any time within one year after
the abatement or other determination of the original suit."

The defendant denies, *first*, that the original action was
duly commenced. We have, therefore, to inquire into the
meaning of the words " action duly commenced." Their mean-
ing, we believe, is to be learned from the previous legislation
on this matter. The English *St.* 21 Jac. 1, *c.* 16, § 4, made
provision for commencing a second action, after the failure
of the first, in three cases only ; *first*, when judgment should be
reversed by error; *second*, when, after verdict, upon matter alleged
in arrest of judgment, judgment should be given against the
plaintiff, that he take nothing by his plaint, writ or bill; and

* THOMAS, J. did not sit in this case.

*third,* when, in an action brought by original, the defendant therein should be outlawed, and should afterwards reverse the outlawry. Our provincial *St.* 10 Geo. 3, (Anc. Chart. 672,) and the *St.* of 1786, *c.* 52, § 1, allowed, as causes for commencing a second action, only the first two allowed by the statute of James. But by the second section of *St.* 1793, *c.* 75, it was further provided, that any action declared in according to the first section of the same chapter, in which the writ purchased therefor should fail of a sufficient service or return, by any unavoidable accident, or by the default, negligence or defect of any officer to whom the writ should be directed, or when such writ should be abated, or the action thereby commenced should be avoided by demurrer, or otherwise, for any informality of proceedings, then another action upon the same demand might be commenced, and the limitation thereof saved. The first section, to which the second referred, was in these words : "Any action of the case, or of debt grounded upon any lending or contract, or for arrearages of rent, actually declared upon in a proper writ, returnable according to law, purchased therefor before the first day of December last, [1793] or which has been or shall be so actually declared in, within the term of. six years next after the cause of such action accrued, shall be deemed and taken to be duly commenced and sued, within the meaning of said act [ *St.* 1786, *c.* 52, § 1,] for the limitation of personal actions." The *St.* of 1786 limited the time within which actions should be originally " commenced and sued." The *St.* of 1793 declared, that the making of a writ and inserting a declaration in it should be a *due* commencement and suing of an original action, and also of a second action when the first should fail through any of the causes of failure mentioned in that statute. The commissioners for revising the statutes combined, in § 11 of *c.* 120, the provisions of *Sts.* 1786 and 1793, concerning the bringing of a second action, and the legislature enacted that section in the words used by the commissioners. We therefore understand that, by an " action duly commenced," that section means an action on a claim " actually declared upon in a proper writ returnable according to law." And if these last quoted words had been inserted in § 11, instead

of the words " duly commenced," we could not have understood
" a proper writ" to mean a writ that could not be abated or
defeated for any matter of form, but must have understood it to
mean a writ adapted to the cause of action. Lawes Pl. in
Assump. 745. Such a writ was sued out and declared in by
the plaintiff, in the first action on the note now in suit.

The defendant denies, *secondly*, that the original writ was
abated, or the action otherwise avoided or defeated for any
matter of form, because the court dismissed that action for want
of jurisdiction. But the bringing of the action in the wrong
county might have been pleaded in abatement, and the writ been
technically abated. 14 Mass. 134. 6 Cush. 564. Such plea,
however, was unnecessary, because the objection was apparent
on the writ, and was as well the subject of a motion to dismiss,
as of a plea. The dismissal of the action is therefore to have
the same legal effect as the abatement of the writ would have
had. For the words used in the statutes declaring the cases in
which a second action may be maintained, after a failure of the
first, have always been construed favorably for the plaintiff, and
never have been held to have a technical meaning; but, as said
by Shaw, C. J. in *Coffin* v. *Cottle*, 16 Pick. 386, are meant to
declare, that " where the plaintiff has been defeated by some
matter not affecting the merits, some defect or informality, which
he can remedy or avoid by a new process, the statute shall not
prevent him from so doing, provided he follows it promptly, by a
suit within a year." In that case it was decided that where,
upon a *scire facias* on a judgment, that judgment was held in-
valid, on facts alleged in a plea to the *scire facias*, a second
action on the original cause of action, commenced within a year,
might be maintained, on the ground that such avoidance had
the same legal effect under *St.* 1786, *c.* 52, as if the judgment
had been reversed by reason of error, or arrested on motion, after
verdict, according to the letter of that statute. So, under *St.* 21
Jac. 1, *c.* 16, it was early decided that a second action was well
brought within a year after the outlawry of the defendant had
been adjudged void on plea. *Fynch* v. *Lambe*, Cro. Car. 294.
The court there said : "Although the outlawry is not reversed by

a writ of error, but avoided by plea, it is all one within the in-
tent of the statute." See also 2 Saund. 63 *h, note;* Blanshard
on Lim. 110 – 115; 2 Greenl. Ev. §§ 431, 432; *Downing* v. *Lind-*
*say,* 2 Barr, 385; *Givens* v. *Robbins,* 11 Alab. 158.

*Defendant defaulted.*