FRED McOMBER. v. DANIEL CHAPMAN.

*Statute of limitations—Reversal on certiorari.*

Comp. L., § 7158, provides that. if a judgment for the plaintiff is reversed on writ of error after the statute of limitations has run, a new action will lie at any time within a year. *Held* to apply also to reversals on writ of certiorari.

Error to Berrien. Submitted Oct. 23. Decided Oct. 30.

ASSUMPSIT. Defendant brings error.

*Clapp & Fyfe* for plaintiff in error.

*N. A. Hamilton* for defendant in error. Reversal in any judicial proceeding is enough to bring a case within Comp. L., § 7158, so as to save a right of action where judgment was reversed after the period of limitation had expired. *Coffin v. Cottle,* 16 Pick., 383; *Partridge v. Lott,* 15 Mich., 251. See as to construction of statute, *Whipple v. Judge, etc.,* 26 Mich., 342.

GRAVES, J. An action was duly commenced before a justice of the peace on a promissory note which had only two days to run before being outlawed. The service was not a legal service, but the justice ruled that it was valid and gave judgment for the plaintiff. The circuit court reversed the judgment and the plaintiff brought a new suit within one year after the reversal on certiorari. The only question is whether the first proceedings and the reversal suspended the bar of the statute as against the last suit under Comp. L., § 7158.*

---

* (7158.) SEC. 11. If, in any action duly commenced within the time limited in this chapter and allowed therefor, the writ or declaration shall fail of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed, or if the writ be abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form, or if, after a verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on a writ of error, the plaintiff may commence a new action for the same cause at any time within one year after the abatement or other determination of the original suit, or after the reversal of the judgment therein; and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence such new action within the said one year.

The court below held that they did so, and error is charged on the ruling. The only objection having any color of force is that the provision cited speaks of reversals on "writ of error," but is silent as to reversals on certiorari.

It would be a very narrow and unreasonable construction to confine this provision to the common-law writ of error. The effect would be to exclude from the operation of this meritorious qualification of the statute of limitations the numerous cases where the law excludes the common writ of error and requires a review on certiorari for the purpose of reversal; and nothing can be more evident than the fact that the reason of the provision weighs much stronger in respect to these cases and their jurisdictions than it does where the ancient writ of error will lie. And when we bear in mind the enlarged authority of these courts in regard to the amount, the attempted discrimination is more obviously unjust. Certainly it could not have been designed by the Legislature to place them on a different footing for the purpose of this statute than other courts. If any exception were to be allowed it should be in regard to those courts which are the least liable to miscarry.

The writ of certiorari authorized by the statute is in substance a writ of error. For the purpose of reviewing in the circuit court the judgment of a justice of the peace it performs much of the function of such a writ, and it is not going beyond good sense to regard it, for the purpose of this provision, as such a proceeding.

It follows that the judgment must be affirmed with costs.

The other Justices concurred.