[No. 6,562.—Department No. 1.]

## In re BAKER & HAMILTON.

INSOLVENCY—PARTNERSHIP—CONSTRUCTION OF STATUTE. — Neither the Insolvency Act of May 4th, 1852, or the Supplementary Act of March 31st, 1876, apply to partnerships.

APPEAL from a judgment sustaining a demurrer to a petition in insolvency, in the County Court of Yolo County. BUSH, J.

*George Cadwalader*, for Appellant.

In the word "person," as used in the law, is necessarily included a partnership composed of persons.

In Louisiana, the words " debtor " and " insolvent debtor " are the terms used, yet there partnerships apply, and are adjudicated insolvents. ( *Claiborne* v. *His Creditors*, 13 La. 281 ; *Stanton* v. *Cox's Synd.* 18 id. 508 ; *Morgan* v. *His Creditors*, 8 Martin N. S. 600 ; *Ward* v. *Brandt*, 11 Martin, 331 ; *Tyler* v. *His Creditors*, 9 Rob. 372.)

· In the voluntary and involuntary sections of the U. S. Bank-

rupt Law, the term used is " any person "; yet, under this phrase, partners apply jointly, and are adjudicated bankrupts jointly.   (§§ 5014, 5021, Rev. Stat.; Bump on Bank. p. 1.)

*C. P. Sprague*, for Respondents.

The act has no application to partnerships.   (*Meyer* v. *Kohlman*, 8 Cal. 46.)

Ross, J. :

This proceeding was commenced under the act approved March 31st, 1876, entitled " An Act supplementary to an act entitled an ' Act for the relief of Insolvent Debtors and protection of Creditors,' approved May 4th, 1852, and the acts amendatory thereof and supplemental thereto," by three of the creditors of the partnership of Huston Brothers, holding the requisite amount of indebtedness, praying that they be adjudged insolvent, and be required to surrender their property for the benefit of their creditors.   The Court below held that the act in question, commonly known as the Involuntary Insolvent Act, did not apply to partnerships, and that Huston Brothers could not be adjudged insolvent under its provisions. Counsel for appellants contends, with much force, that the language of the act is broad enough to include partners as well as individuals, and if the question stood as an original proposition, we are not prepared to say we would not agree with him.   But the language of the Act of March 31st, 1876, so far as the question under consideration is concerned, is substantially the same as that of the Act of 1852, and it was held here at an early day—in the case of *Meyer* v. *Kohlman*, 8 Cal. 44—that, under the provisions of the Act of 1852, there was no authority for the application of partners.   This was the construction placed by this Court on that act as long ago as 1857, and has never been changed.   We must take it for granted that, at the time the Involuntary Act of 1876 was passed, the Legislature knew the construction which had been placed on the Act of 1852.   With this knowledge it passed the Involuntary Act, containing, as already said, substantially the same provision, so far as this question is concerned, as is found in the original act.

This was a legislative adoption of the known construction of that provision. (*Hyatt* v. *Allen*, 54 Cal. 353; *Taylor* v. *Delaney*, 2 Caines' Cases, 150; *Duramus* v. *Harrison*, 26 Ala. 326; *Yates' Case*, 4 Johns. 358.)

For these reasons, we think the provisions of the Act of 1876 should be held not to apply to partnerships. The Legislature, however, at its last session, made provision for such cases. (Statutes of 1880, p. 90.)

Judgment affirmed.

McKINSTRY, J., and McKEE, J., concurred.