## H. E. BALL v. DAVID BIGGAM AND JOHN S. DOO-LITTLE, *Partners*.

### No. 222.

1. STATUTE OF LIMITATIONS—*not a bar where case reversed and dismissed for want of jurisdiction in lower court.* In an action upon a contract, brought before a justice of the peace, in which the plaintiff recovers a judgment, and an appeal is taken to the district court where the plaintiff again recovers judgment, and a proceeding in error is prosecuted to the Supreme Court and the judgment reversed upon the ground that neither the justice of the peace nor the district court had jurisdiction of the case, by reason of the fact that the amount of the claim exceeded the jurisdiction of the justice, the plaintiff's claim is saved from the bar of the Statute of Limitations under the provision of section 23 of the Code, if a new action is brought thereon within one year from the dismissal of the first action.

2. QUESTION OF FACT—*whether issue is same as in former suit is.* An issue in such case, that the cause of action sued upon in the second suit is not the same cause of action sued upon in the first suit, is an issue of fact to be submitted to the jury; and an issue of fact made by the pleadings in such second suit, whether the first suit had been dismissed prior to the institution of the second suit, is also an issue of fact to be submitted to the jury under proper instructions by the court.

Error from Shawnee District Court. Hon. Z. T. Hazen, Judge. Opinion filed July 16, 1897. *Affirmed.*

*Douthitt & Wolfe* and *Wheeler & Switzer*, for plaintiff in error.

*Keeler, Welch & Hite,* for defendants in error.

MAHAN, P. J. There are but two questions in this case. The justness of the cause of action does not seem to be seriously disputed, but the Statute of Limitations is relied upon as a defense. The plaintiff relied upon section 23 of the Code to save him from the bar of the statute. He had brought an action before a justice of the peace for the same claim, and obtained

judgment. The defendant had appealed to the District Court, where the plaintiff again obtained judgment. Error was prosecuted in the Supreme Court, and the judgment reversed for the reason that the justice in the first instance had no jurisdiction of the case because the amount was in excess of his jurisdiction, and hence the appeal conferred none upon the District Court. For this reason the judgment was reversed with direction to the District Court to dismiss the case.

This action was begun within a year after that reversal; but the plaintiff in error contends that because the judgment was reversed for want of jurisdiction, therefore, there was no action to toll the statute. We are of the opinion that this contention cannot be sustained. The statute says that if the action be commenced within due time 1. Action not barred by Statute and the plaintiff obtain judgment and of Limitations. the judgment be reversed — without regard to the grounds of reversal — he shall have a year thereafter in which to bring a new action. The statute further provides that if the action fail otherwise than upon the merits it may again be commenced. The Supreme Court in construing this part of the statute, in *McWhirt v. McKee* (6 Kan. 412), holds that the court will not inquire why the action was dismissed; that if it was dismissed it fails, and the failure is otherwise than upon the merits; indicating that the court considered that the statute should be liberally construed, or, at least, that its language should be given its full import.

There was an action commenced, there was a judgment rendered, and that judgment was reversed at the instance of the plaintiff in error in this case; this brings the case strictly within the very terms of the

44           BALL v. BIGGAM.

N. Dept.        Opinion.   Mahan, P. J.        6 Kan. App.

statute. To paraphrase the language of Chief Justice Kingman in the case last cited, it is immaterial to this court why the judgment was reversed, and we will not inquire why it was reversed.

The case is also within the second provision of section 23. The action failed otherwise than upon its merits. It was dismissed. See *Seaton v. Hixon*, 35 Kan. 663; *Hall v. Hurd*, 40 id. 374. It was contended in the latter case that because there was no cause of action at the time the first action was begun, there was no action — no case. It will not do to say there was no case in the court, no action begun, no judgment, simply because the court of last resort held that there was no jurisdiction. Giving to the statute that construction to which it is entitled, it seems clear that the case comes within the provision of section 23, and that the pendency of that suit, even though the court had no jurisdiction of the cause of action, tolled the Statute of Limitations and brought it within the saving clause.

The second contention is, that the court erred in submitting to the jury the questions whether the cause of action sued on in this case was the same cause of action upon which the former suit was brought, and whether the suit brought before had been disposed of prior to the bringing of this suit, because, it is asserted, these are questions of law. They are questions of fact, the same as any other questions of fact in the case upon which the jury might pass, and the court did not err in submitting these questions to the jury together with the other facts in the case.

2. Questions of fact for the jury.

The judgment is affirmed.