No. 13,553.

## MARY BLUME VS. CITY OF NEW ORLEANS.

### SYLLABUS.

1. In a suit for damages arising from an obstruction on a sidewalk, suit previously brought in the Circuit Court of the United States had the effect of interrupting prescription, although that court had no jurisdiction *ratione personae*, plaintiff being a resident of the State of Louisiana.
2. Municipal corporations owe it to the public to keep the sidewalks in such a condition that pedestrians who are ordinarily careful will not be exposed to injury.
3. When a municipality, vested with the power of maintaining uniform grades of sidewalks, permits one proprietor to raise his sidewalk and lets the grade of the sidewalk in front of the adjacent property remain out of grade for more than a year, and, owing to the abrupt rise of about five inches at the dividing lines of the two sidewalks (where there was a long shed and no light), an accident happens, the city is liable for damages occasioned to a pedestrian who falls because of the obstruction and injures herself.
4. Whatever rights the city may have against the owners of the lots on which the sidewalks are situated, are reserved.

APPEAL from the Civil District Court, Parish of Orleans—*King, J.*

*O. B. & S. Sansum,* for Plaintiff, Appellee.

*Frank B. Thomas,* Assistant City Attorney, and *Samuel L. Gilmore,* City Attorney, for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sued to recover ten thousand dollars as damages caused by an obstruction on which she stumbled, fell, and, in the fall, fractured and broke her right arm.

She avers that she greatly suffered during three (3) months and has lost the natural use of her right hand and arm.

The evidence discloses that on the night of the 13th of March, 1897, at about 1 o'clock, plaintiff was walking down Magazine street, near the intersection of Jackson street, when she stepped against an obstruction and fell, as before stated.

Her attending physician testifies that after she fell, she suffered greatly from an injury to the right wrist; the hand and forearm were greatly swollen. Some time after, he again examined plaintiff's arm and found that there had been (as known to surgeons) a Colly's fracture of the radius bone, just immediately below the joint, and that her wrist was permanently injured; that she has some use of the wrist, and, gradually, by use, will get more use of it, but that it will be very far from ever being restored to its pristine usefulness; that there is an impairment, also, of the fingers; and that there was necessarily, after the impact or blow in the fall, more or less permanent distortion and weakness of the wrist joint itself.

When the case was tried in 1898, plaintiff had not entirely recovered the use of her hand and she was, at times, not free from suffering.

As relates to the accident itself, the facts are that, on the night plaintiff fell there was no moonlight; it was dark at the place of the accident, that is on the dividing line between the Wood banquette and the Rhoel banquette. The banquette on the Rhoel property was raised, in 1895, five inches higher than the banquette on the Wood property. Between the properties the rise was abrupt; there was no incline at all. It was as it is with a step of that height. It was left in that condition and was in that condition when the accident happened to plaintiff, to whose steps it was an obstruction, as before stated.

A paving contractor testifies that he raised the sidewalk for Rhoel on Jackson and Magazine streets, in 1895, and that when he delivered his work to Rhoel, his banquette was five inches higher than the banquette of his neighbor, Wood; that he made application to the agent of the latter to let him raise his banquette for him, and this agent said to him that he had been notified by the city authorities to raise it, but that the city engineer told him not to raise it until the proper authorities established a proper grade.

After the accident to plaintiff, this contractor raised the pavement on the Wood property to the same grade as that on the Rhoel property but no change of the grade was made prior to the accident in question. The repair of the pavement and raising it had been postponed, in order to establish another, and, as was said at the time, we infer, a proper grade.

The banquette inspector, under the commissioner of the city at the time, testified that the banquette on the Wood lot had not been repaired in 1897, on the day of the accident, but that it was repaired afterwards.

Plaintiff brought suit in the United States Circuit Court on the 28th of August, 1897. In April, 1898, defendant filed an answer to plaintiff's demand. It was discovered in that court, during the trial, that the court was without jurisdiction, as plaintiff was a resident of the State of Louisiana. On that ground, the suit was dismissed in that court on the 22nd of April, 1899. Immediately her demand had been dismissed in the United States Circuit Court, plaintiff brought suit in the State court and alleged the different grounds upon which she based her action.

The defendant pleaded, in the State court, the exception of no cause of action to the plaintiff's demand, and in the alternative, the prescription of one year.

Defendant's answer denies all of plaintiff's allegations and avers that defendant was guilty of contributory negligence. Further, defendant alleges that if any accident did happen as set forth in plaintiff's petition, then it avers that the obligation rested upon Herman Rhoel and Robert L. Wood to keep their banquettes in good order. The defendant city prays that these property owners, Rhoel and Wood, be cited in warranty.

. The judgment condemns the city to pay to plaintiff the sum of twenty-five hundred .dollars with legal interest from the date of the judgment. No judgment was rendered against Wood and Rhoel called in warranty, and the call in warranty was passed without any action by the court, or any comment whatever. From this judgment, the de-. fendant city prosecutes this appeal.

The issue of no cause of action, prosecuted by way of exception, raises the first question for our decision. As an original question, considered independently of the other issues, plaintiff has stated a cause of action in her petition. We do not take it that the right itself to hold the city liable, if the cause be as charged, is denied by the terms of this exception. If, as relates to the cause of action, the city has permitted one of the owners to raise his sidewalk about six inches, and another owner of property, immediately adjacent, was (due to the city's negligence), allowed for more than a year, to the knowledge of its officers, to let his sidewalk remain about six inches below the regular grade at a place covered by a long shed where there was little or no light, there is a cause of action. The defendant, if the above exception be not sustained, pleads the prescription of one year. We have seen that March the 13th, 1897, is the date of the accident in question. This suit was brought in April, 1899. Previous to the last mentioned date, suit

had been brought as has been already stated in our statement of the facts. Defendant charges that without plaintiff's fraudulent representations, the United States Circuit Court would not have been imposed upon and would not have issued citation and assumed jurisdiction. That may be quite true and yet we find no authority in law to decide that prescription was not interrupted. The Articles of the Code are imperative. Although a court may not have jurisdiction of a suit brought before it, prescription is interrupted. The legal interruption follows, whether the court be competent or not. O. C. C. 3482-4; 3516-17.

Though there may have been false representations as urged, it none the less remains that the suit was filed in the Circuit Court, which must be held as having interrupted prescription.

Having concluded that the claim is not prescribed, we are brought to a consideration of the merits of the cause. Repeated decisions have settled that municipal corporations owe it to the public to keep the sidewalks in such condition as will not expose the pedestrian to injury. The banquettes are to be kept in a condition safe enough to walk on in the night time as well as during the day.

The defendant had the power to establish and maintain a uniform grade; instead, it sanctioned two banquettes, on adjacent properties, of dangerously different grades, one high and the other low. By the evidence the accident is traced directly to the obstruction, the shed and the defective light at the place where the obstruction was.

The plaintiff, it appears, was ordinarily careful. She had not before passed at night on the banquette at the place in question. The banquette was not safe. Plaintiff was injured while exercising due care. She suffered damages. As relates to the *quantum,* we do not think it should be reduced from what it was fixed by the District Court. The extent of the injury would not justify us in finding less.

There remains only one alternative to us and that is to affirm the judgment.

As relates to the call in warranty, in the present condition of the cause, we do not think the issues as against those the defendant prayed to have called in warranty should be passed upon at this time.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed at appellant's costs. Defendant's rights, if any it has, are reserved.

Rehearing refused.