[No. 119.   First Appellate District.—November 23, 1905.]

## GEORGE W. FAY, Respondent, v. JAMES A. COSTA, Appellant.

ESTATE OF LIVING PERSON—VOID ADMINISTRATION—DETERMINATION OF
DEATH ASSAILABLE.—Proceedings for the administration of the estate of a living person, upon averment of her death are void *ab initio* and throughout. Notwithstanding the determination of death, the fact that the supposed intestate is alive may be shown to establish the nullity of the entire proceedings.

ID.—RECOVERY OF MONEY—STATUTE OF LIMITATIONS.—The proceedings being void, the living person had a right of action against the administrator as soon as he received money belonging to the plaintiff, to recover the same, and where more than four years have elapsed since the receipt of the money, and more than three years have elapsed since plaintiff had knowledge of the facts, the action is barred by the statute of limitations.

ID.—DEMURRER TO COMPLAINT—PLEA OF BAR OF STATUTE.—In presenting the question of the bar of the statute of limitations by demurrer to the complaint, it is not necessary to refer to the particular section relied on. It is sufficient to specify the statute as one of the grounds of demurrer; and where the ground is stated that the cause of action accrued more than four years before the action was commenced, the demurrer should be sustained, if the complaint shows that it was barred in that or any less period.

ID.—SETTING ASIDE PROCEEDINGS—ORDER FOR RETURN OF PROPERTY AND
EXECUTION—ANNULMENT UPON WRIT OF REVIEW—TIME NOT EXTENDED.—Where the void proceedings were set aside by the superior court, which made an order for a return of the property by the administrator and for execution against him, and such order was annulled upon writ of review, the annulment thereof cannot be deemed the "reversal of a judgment upon appeal," within the provision of section 355 of the Code, allowing a new action to be commenced "within one year after the reversal," and does not operate to extend the time for commencing an action to recover the property.

APPEAL from a judgment of the Superior Court of Santa Clara County.   S. F. Leib, Judge.

The facts are stated in the opinion of the court.

H. A. Gabriel, and C. D. Wright, for Appellant.

E. E. Cothran, for Respondent.

2 Cal. App.—16

HALL, J.—This is an appeal from a judgment in favor of plaintiff and against defendant for the sum of $1518.68, and comes before us on the judgment-roll.

The facts necessary to an understanding of the points involved are as follows:

This action was brought August 27, 1902. The complaint, among other things, alleges in substance that on the twenty-ninth day of November, 1897, defendant petitioned the superior court of Santa Clara county for letters of administration on the estate of plaintiff, alleging that he had died on or about the first day of January, 1897. That thereafter defendant was in form appointed administrator of said estate, and on the third day of January, 1898, took into his possession $1,543.68 belonging to plaintiff and previously distributed to plaintiff from another estate. In May, 1898, a decree of distribution was in form made and recorded in said estate, that is to say, the estate of plaintiff. Plaintiff learned of his rights in March, 1899, and came to San Jose, California, and defendant paid him $25, but refused to pay the balance of plaintiff's money.

On the tenth day of April, 1899, plaintiff filed and presented his petition before said court (superior court of Santa Clara county), upon which a citation was issued to defendant Costa, to show cause why all the proceedings had in the matter of the estate of plaintiff should not be set aside and annulled, and why all property received by said Costa as such alleged administrator, should not be returned to said court free from all charges and claims of every nature. That, thereafter, on the third day of May, 1899, the court made its decree that all said proceedings be set aside and annulled, and that all property received by defendant, $1,543.68, less $25, be returned to plaintiff, and that defendant pay to plaintiff the sum of $1,518.68 and costs, and that the clerk issue execution in favor of plaintiff.

From this order defendant took an appeal, but the same was dismissed for want of proper bond. (*Estate of Fay*, 126 Cal. 457, [58 Pac. 936].)

Subsequently, on July 23, 1902, the supreme court, on application of defendant, granted a writ of review, and set aside and annulled so much of said decree as directs the payment by defendant Costa to plaintiff of $1,518.68, and the

issuance by the clerk of execution.    (*Costa* v. *Superior Court,* 137 Cal. 79, [69 Pac. 840].)

It is also alleged in an amendment to the complaint, filed before demurrer, or answer, that in the petition presented April 10, 1899, plaintiff set forth the same cause of action against Costa that is set forth in the complaint in this action, and sought to recover the same identical property.

Defendant demurred to the amended complaint upon the ground that the action was barred by sections 338, subdivision 4, 339, subdivision 1, and 343 of the Code of Civil Procedure, each section being separately pleaded; and also upon the ground that the cause of action had accrued to plaintiff more than four years before the commencement thereof and did not accrue within four years before the commencement thereof. The demurrer was overruled and the defendant answered, and again pleaded the same sections, and that the cause of action accrued to plaintiff more than four years before the commencement thereof. The correctness of the ruling of the court as to the plea by demurrer of the statute of limitations is the question to be determined on this appeal.

In presenting the question of the bar of the statute of limitations by demurrer it is not necessary to refer to the particular section relied on. In such a case it is sufficient to specify the statute as one of the grounds of the demurrer. (*Williams* v. *Bergin,* 116 Cal. 56, [47 Pac. 877]; *Brennan* v. *Ford,* 46 Cal. 7). The defendant having demurred upon the ground that the cause of action accrued to plaintiff more than four years before the action was commenced was entitled to have his demurrer sustained if it appeared upon the face of the complaint that the action did accrue more than four years before it was brought, and was of such a nature that it would be barred under the law in four years or in less period. (*Boyd* v. *Blankman,* 29 Cal. 20, [87 Am. Dec. 146].)

It will be observed from the foregoing statement of facts that this action was commenced more than four years after the day upon which defendant took possession of plaintiff's money, and more than three years after plaintiff learned of the facts of the case, and the probate court had vacated the proceedings upon the estate of plaintiff.

Inasmuch as plaintiff is not dead, the probate proceedings on his estate were void. (*Costa* v. *Superior Court,* 137 Cal. 82, [69 Pac. 840]; *Stevenson* v. *Superior Court,* 62 Cal. 60.) In a concurring opinion by one of the justices in *Stevenson* v. *Superior Court,* it is said: "Administration of the estate of a living person is void *ab initio* and throughout." In the leading opinion it is said: "It is true that the court of probate, before issuing letters of administration, must first determine affirmatively the question of death. But notwithstanding such determination the fact that the supposed intestate is alive may still be shown, and when shown establishes the nullity of the entire proceedings."

Among the cases cited in the prevailing opinion in support of the doctrine there declared is *Jochumsen* v. *Suffolk Sav. Bank,* 3 Allen, 87, where it is held that the plaintiff was entitled to recover money by him deposited in a bank which had been paid by the bank to a person appointed administrator of the estate of plaintiff, upon the supposition that plaintiff was dead. To the same effect is the similar case of *Lavin* v. *Emigrant Ind. Sav. Bank,* 18 Blatchf. 1, [1 Fed. 641]. In neither case had any steps been taken to annul the probate proceedings, but such proceedings were held to be absolutely void.

In accordance with the law as laid down in the foregoing authorities, it is alleged in plaintiff's complaint, "That said superior court never had or acquired jurisdiction to administer upon plaintiff's said estate by reason of the fact that plaintiff is still alive and resident in the flesh."

In *Elliott* v. *Piersol,* 26 U. S. 328, in speaking of a case where a court acts without jurisdiction, it is said: "But if it act without authority, its judgment and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought even prior to a reversal in opposition to them."

The probate proceedings upon the estate of plaintiff being void and a nullity, plaintiff had a right of action against defendant as soon as defendant took possession of plaintiff's money; and even if it be said that the statute did not begin to run until plaintiff learned of the facts under section 338, still three years elapsed after that time before this action was commenced. We are obliged, therefore, to hold that

this action was barred before commenced, unless the filing
of the petition in the probate proceedings and the bringing
of this action within one year from the annulling, on a writ
of review, of the decree obtained by plaintiff on said pe-
tition prevents the bar of the statute.

And this seems to be the real contention of respondent
and the theory upon which his complaint is framed. Sec-
tion 355 of the Code of Civil Procedure is as follows: "If
an action is commenced within the time prescribed therefor,
and a judgment thereon for the plaintiff be reversed on
appeal, the plaintiff . . . may commence a new action within
one year after the reversal."

The judgment in question here was not "reversed on ap-
peal," but was annulled and set aside on a writ of review,
and in order to uphold the action of the trial court we are
asked to hold that a reversal on appeal includes an annulling
on a writ of review. We are cited to *McOmber* v. *Chapman*,
42 Mich. 117, [3 N. W. 288], as sufficient authority for such
construction. It was held in the aobve-entitled case that a
reversal on a writ of *certiorari* was sufficient to authorize a
new suit under a statute which authorized a new suit where
the first judgment was reversed on a writ of error. The
Michigan statute, however, had other provisions which seemed
to indicate a general intent to save the right to bring a new
suit where the first suit had abated or failed without fault
of the plaintiff.

Furthermore, in *McOmber* v. *Chapman* the judgment that
had been reversed was one rendered by a justice of the
peace, and in Michigan a writ of *certiorari* is used to review
errors of law committed during the trial of a cause in a
justice's court, and is not confined, as in this state, to set-
ting aside proceedings for want of jurisdiction. (Howell's
Ann. Stats. Mich., sec. 7031, et seq.) Even the evidence may
be reviewed where there is a total lack of evidence to support
the judgment, or some material fact necessary to support a
recovery. (*Welch* v. *Bagg*, 12 Mich. 43; *McGraw* v. *Schwab*,
23 Mich. 13; *Brown* v. *Blanchard*, 39 Mich. 790; *Lake Su-
perior Building Co.* v. *Thompson*, 32 Mich. 293.)

So, generally, in Michigan both writs of *certiorari* and writs
of error are used to correct errors of law occurring in the
trial court; writs of error to review judgments of courts of

law and of record, in proceedings had according to the course of the common law (*Holbrook* v. *Cook,* 5 Mich. 225), or proceedings substantially analogous thereto (*Fletcher* v. *Clark,* 39 Mich. 374), and writs of *certiorari* to correct errors of law in proceedings that are not according to the course of the common law (Howell's Ann. Stats. Mich., sec. 8691, and cases cited in note). The time within which either may issue is the same (Howell's Ann. Stats. Mich., sec. 8693).

It is thus seen that the Michigan court had good grounds for holding that a reversal under a writ of *certiorari* was in substance a reversal under a writ of error within the meaning of the statute allowing a new action to be brought within a year from such reversal. Both writs are used in that state for procuring a reversal of the action of the trial court for errors of law committed in the trial of the action.

Our code lays down the rule for its own construction in these words: "Words and phrases are construed according to the context and the approved usage of the language; but technical words and phrases, and such others as have acquired a peculiar and appropriate meaning in law, or are defined in the succeeding section, are to be construed according to such peculiar or appropriate meaning or definition." The word "appeal" in the law of this state refers to the proceedings that are provided for in title XIII, part II, of the Code of Civil Procedure, where the time and method of taking an "appeal" are minutely set forth.

A writ of review (*certiorari*) is provided for in chapter I, title I, of part III of the Code of Civil Procedure, and may be granted in certain prescribed cases, where there is no *appeal* (Code Civ. Proc., sec. 1068), and only where jurisdiction has been exceeded.

Our code, in the section just cited, uses the word "appeal" as indicating something different from a writ of review. While to some minds it may be difficult to suggest a reason why the legislature, in the case of a reversal on appeal, should provide that a new action may be brought, and not when the same result is secured by a writ of review, it seems to be so written.

It may be suggested in this connection, however, that limitations exist as to appeals that do not exist as to writs of review. Thus, appeals must be taken within a very limited time

(the longest being six months from the judgment to be reviewed), while no such limitation exists with regard to the right to a writ of review. This difference may well be said to justify a rule allowing the right to bring a new action in the one case and not in the other. We do not think that we are justified in construing the word "appeal" as used in section 355 of the Code of Civil Procedure, as including a writ of review. For the reasons above set forth, the demurrer should have been sustained.

Appellant also urges that the filing of the petition by plaintiff in the probate court was not the bringing of an action such as would interrupt the running of the statute of limitations for the reason that such court had no jurisdiction in such a proceeding to enter a judgment that defendant pay the money obtained by him to plaintiff; but in view of the conclusion we have reached on the question last discussed, it is not necessary to determine the sufficiency of this point. Suffice it to say that in some states it is held that the bringing of an action in a court without jurisdiction of such action is not sufficient to interrupt the running of the statute (*Gray* v. *Hodge,* 50 Ga. 262; *Edwards* v. *Rose,* 58 Ga. 147; *Sweet* v. *Electric Light Co.,* 97 Tenn. 252, [36 S. W. 1090]; *Donnel* v. *Gatchell,* 38 Me. 217); while the contrary doctrine is held elsewhere (*Smith* v. *McNeal,* 109 U. S. 426, [3 Sup. Ct. 319]; *Little Rock etc. Ry. Co.* v. *Manees,* 49 Ark. 248, [4 Am. St. Rep, 45, 4 S. W. 778]; *Ball* v. *Biggam,* 6 Kan. App. 42, [49 Pac. 678]; *Blume* v. *City of New Orleans,* 104 La. 345, [29 South. 106]; *Woods* v. *Houghton,* 67 Mass. 580).

The judgment is reversed.

Harrison, P. J., and Cooper, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 21, 1905, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1906.