[Civ. No. 2792. First Appellate District, Division Two.—June 18, 1919.]

ANNA I. ANDERSON, Appellant, v. NATIONAL ICE & COLD STORAGE COMPANY (a Corporation), Respondent.

[1] STATUTE OF LIMITATIONS—ANNULMENT OF AWARD OF INDUSTRIAL ACCIDENT COMMISSION—TIME FOR COMMENCING ACTION.—The annulment by the supreme court of an award of the Industrial Accident Commission does not constitute the reversal of a judgment upon appeal within the provisions of section 355 of the Code of Civil Procedure, which allows a new action to be commenced within one year after the reversal, and does not operate to extend the time for commencing an action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles L. Brown for Appellant.

Gavin McNab and Nat Schmulowitz for Respondent.

LANGDON, P. J.—This is an action to recover damages from the defendant because of the death of the husband of plaintiff, alleged to have been caused by injuries sustained by him while in the employ of the defendant, and due to the negligence of the defendant. The defendant demurred to the complaint upon a number of grounds. The demurrer was sustained upon three grounds, and judgment entered for defendant, from which the plaintiff appeals.

Under our conclusion, it is only necessary for us to consider one point upon the appeal, and that is whether or not the action was barred by the provisions of section 340 of the Code of Civil Procedure, providing that an action for the wrongful death of another must be brought within one year. The facts of the case, pertinent to this inquiry, are briefly as follows: John A. Anderson, the husband of plaintiff, was injured on July 22, 1916, by falling through an elevator shaft at the place of business of the defendant company. He died from such injuries on August 10, 1916. In October, 1916, his widow commenced proceedings before the Industrial Accident Commission, which proceedings culminated in an award for the plaintiff. This award was annulled by the supreme court upon a writ of *certiorari* on November 22, 1917. (*Casualty Co. of America* v. *Industrial Acc. Com. et al.*, 176 Cal. 530, 534, [169 Pac. 76].) Thereafter, on April 15, 1918, more than one year after the death of John A. Anderson, the present action was commenced in the superior court.

[1] The appellant urges that section 355 of the Code of Civil Procedure is applicable to the case, which section provides that where judgment *is reversed on appeal*, the plaintiff may commence a new action within one year after reversal. Appellant contends that the action of the supreme court in annulling the award of the Accident Commission was a reversal on appeal within the meaning of this section. In this matter we feel bound by the decision in the case of *Fay* v. *Costa*, 2 Cal. App. 241, [83 Pac. 275]. A petition for hearing by the supreme court was denied in that case, and it expressly decides that where an order is

annulled upon a writ of review, the annulment thereof cannot be deemed the reversal of a judgment upon appeal within the provisions of section 355 of the code, allowing a new action to be commenced within one year after the reversal, and does not operate to extend the time for commencing an action.

We have given great consideration to appellant's argument that while the Workmen's Compensation Act provides only for a writ of review and for no other method of appeal, yet it specifies the matters to be determined upon the review and such review embodies more than the ordinary features of a proceeding known as *certiorari*, because it is provided that the decision of the Industrial Commission may be reviewed to determine whether it has been procured by fraud or whether it is unreasonable, and that therefore this proceeding is more in the nature of an appeal, and is different from the ordinary proceeding upon *certiorari* in which merely the question of jurisdiction may be examined. However, we are of the opinion that the language and reasoning of the case of *Fay* v. *Costa,* supra, covers these objections, and that we are not at liberty to consider the question an open one.

Furthermore, we call attention to the fact, pointed out by respondent in his brief, that section 355 of the Code of Civil Procedure, and the decision in the case of *Fay* v. *Costa* were both in full force and effect at the time of the adoption of the Workmen's Compensation Act, and at the time of its amendment, and we must assume that the legislature in passing this law and therein limiting the rights of the parties after proceedings before the Industrial Accident Commission to a review only by writ of *certiorari* had in mind the construction placed upon such code section by the above-named case. (*Baker* v. *Hamilton*, 55 Cal. 302; *Estate of Healy*, 122 Cal. 162, [54 Pac. 736].) Indeed, the act itself provides that the sections of the Code of Civil Procedure of this state relating to writs of review shall, so far as applicable, apply to proceedings in the courts under the provisions of the act.

Under the authority of *Fay* v. *Costa,* supra, we are constrained to hold that the annulment upon writ of review of the award of the commission did not operate to extend the

time for commencing the action, and that the plaintiff's action was barred by the provisions of section 340 of the Code of Civil Procedure.

The judgment is affirmed.

Brittain, J., and Haven, J., concurred.