[Civ. No. 23857. First Dist., Div. Three. Nov. 27, 1967.]

MARY E. SCHNEIDER et al., Plaintiffs and Appellants, v. DELORES SCHIMMELS, Defendant and Respondent.

Edward A. Friend for Plaintiffs and Appellants.

Walcom & Harmon and Leo J. Walcom for Defendant and Respondent.

SALSMAN, J.—This is an appeal from a judgment sustaining a demurrer to the complaint of appellants Frank and Mary Schneider on the ground that the causes of action stated are barred by the one-year statute of limitations. (Code Civ. Proc. § 340, subd. 3.) Mary's cause of action is to recover for an assault allegedly committed upon her by respondent. Frank, her husband, seeks to recover damages for the loss of her services and consortium caused by the alleged assault. The demurrer to Frank's cause of action was sustained on the ground that no damages for loss of consortium are recoverable in California.

The first issue we must resolve is whether both causes of action are saved by Code of Civil Procedure section 355, which provides, in effect, that when a plaintiff's judgment is reversed on appeal otherwise than on the merits a new action may be commenced within one year of the reversal.[1] We have concluded that section 355 saves both causes of action and therefore reverse the judgment. We conclude also that appellant Frank Schneider's damages for loss of consortium caused by an alleged wrong occurring outside of this state are recoverable in California if proven.

The events leading to the present action are as follows:

(1) July 16, 1962. Respondent allegedly committed the assault and battery upon appellant Mary Schneider at Derby, Colorado.

(2) November 14, 1962. Appellants' attorney signed, issued and served a summons upon respondent in the District Court of Adams County, Colorado. The summons stated the general nature of appellants' claims. No complaint was filed or served with the summons. Colorado rules of procedure authorize this notice of action. This action was later docketed as No. 13420 (see (4) *infra*).

(3) November 15, 1962. Respondent departed from the State of Colorado and came to California.

(4) January 23, 1963. On this date, respondent's Colorado attorney appeared, docketed action No. 13420, and moved to quash service of summons and to dismiss the action for appel-

---

[1]The full text of Code of Civil Procedure section 355 reads: ''If an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal.''

lants' failure to file a complaint within 10 days of serving summons and to docket the action, as required by the applicable rules of Colorado procedure. (See rule 3, R.C.P., Colo.) The district court granted respondent's motion, and action No. 13420 was thereupon dismissed.

(5) March 28, 1963. Appellants filed a new action (No. 13650) in the same court, seeking substantially the same relief, on the same state of facts described in the summons in action No. 13420. When the second action was filed, respondent had already departed from Colorado and had come to California. Respondent had no attorney or agent in Colorado authorized to accept service of summons in the new action. No summons was served.

(6) April 29, 1963. Respondent appeared specially in the second action (No. 13650) and moved to quash any purported service of summons.

(7) March 23, 1964. Respondent's motion to quash service of summons in the second action was heard by the district court. The district court denied the motion to quash, and ordered the second action, No. 13650, "merged" into the first action, No. 13420, which had previously been dismissed. (See (4), *supra*.) The court granted respondent 30 days to answer.

(8) April 20, 1964. Respondent petitioned the Colorado Supreme Court for a writ of prohibition to prevent further action in the district court on the ground that that court lacked personal jurisdiction of respondent.

(9) July 6, 1964. The Colorado Supreme Court held that service of summons in action No. 13420 could not suffice to bring respondent before the court in action No. 13650, and that on the facts presented the district court had no jurisdiction to proceed in the second action. Accordingly the rule was made absolute and the writ issued preventing the district court from going forward in action No. 13650 until such time as it could obtain personal jurisdiction over respondent as provided by law. (*Schimmel* v. *District Court of Adams County,* 155 Colo. 240 [393 P.2d 741].)

(10) April 30, 1965. Appellants commenced this action in the Superior Court of Alameda County, where, as we have seen, the court sustained respondent's demurrer on the ground that the action was barred by the statute of limitations.

Appellants' cause of action arose in Colorado on July 16, 1962. and their complaint was not filed in California until April 30, 1965. Since both Colorado and California have

a one-year statute of limitations applicable to actions for assault and battery (Colo. Rev. Stats. § 87-1-2; Code Civ. Proc. § 340, subd. 3), this action cannot be maintained in California unless it is saved by the provisions of Code of Civil Procedure section 355.

Section 355 permits a plaintiff to commence a new action within one year after the reversal of a judgment in his favor on appeal otherwise than on the merits. We must decide whether section 355 applies to actions initially commenced outside this state. We see no reason why section 355 cannot be applied to actions initially filed elsewhere in order to save a plaintiff's action later filed in California. The purpose of section 355 is to avoid the harsh forfeiture of a plaintiff's rights where his first action, wherever it may have been attempted, has resulted in a judgment later reversed on appeal, or when the action has been thwarted on some procedural ground unrelated to the merits of the claim. We recognize at once that some jurisdictions have held that statutes similar to section 355 do not save an action first brought in another state. (See *Herron* v. *Miller*, 96 Okla. 59 [220 P. 36]; *Riley* v. *Union Pac. R.R. Co.*, 182 F.2d 765; *Sorensen* v. *Overland Corp.*, 242 F.2d 70; *De Luca* v. *Atlantic Refining Co.*, 176 F.2d 421.) On the other hand, some courts have applied their saving statute to a second action when the first action was timely filed in another jurisdiction and failed there for procedural reasons. (*Caldwell* v. *Harding* (C.C. Mass.) 4 F.Cas. 1036 (No. 2302); *Abele* v. *A. L. Dougherty Overseas, Inc.*, 192 F.Supp. 955, 957.) None of the cases holding their local saving statute inapplicable to actions commenced out of state points to any substantial injustice that might result on facts such as those present in this case. Here respondent was given timely warning of the Colorado action and has been kept fully informed of all later proceedings. Thus one of the basic purposes of the statute of limitations has been fully served.

In view of this split in authority the result seems to depend upon whether the local statute is given a strict and narrow interpretation or a broad and liberal one. Two California cases have strictly construed section 355. (See *Fay* v. *Costa*, 2 Cal.App. 241 [83 P. 275]; *Anderson* v. *National Ice etc. Co.*, 41 Cal.App. 649 [183 P. 273].) But in *Bollinger* v. *National Fire Ins. Co.*, 25 Cal.2d 399, 408-410 [154 P.2d 399], our Supreme Court gave liberal interpretation to section 355. It quoted with approval the views of Judge Cardozo in *Gaines* v.

*City of New York*, 215 N.Y. 533, 539 [109 N.E. 594], who said of the New York saving statute, the predecessor of our own: "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." In *Bollinger*, the plaintiff did not have a judgment "reversed on appeal." In fact, he had no judgment at all. He had been nonsuited because his action had been prematurely brought. He did not appeal. Instead, he commenced a new action, but his second action was vulnerable to a period of limitations fixed in the insurance policy which formed the foundation of his case. Nevertheless, the Supreme Court concluded that the basic policy supporting section 355 called for its application to the facts of that case, and thus saved the action from the bar of limitations.

We recognize, of course, that *Bollinger* did not deal with an action originally commenced in another jurisdiction, then shifted to California. ▮▮▮ But *Bollinger* did announce the basic policy underlying section 355. That policy calls for the trial and determination of actions on their merits, especially where the purpose of the statute of limitations has been served by the timely filing of the original action, followed by a continued effort on the part of the plaintiff to maintain the action and pursue the case until a decision on the merits has been reached.

▮▮▮ The facts of our case come within the purview of *Bollinger*, even though there was literally no "judgment . . . reversed on appeal" in Colorado. Our record shows that appellants' first action was timely filed in Colorado, but, as we have seen, that action was dismissed. Appellants' second action was also timely filed, but cannot go forward because service of summons can no longer be made upon respondent in Colorado. We recognize, of course, that this action is still viable and pending in the Colorado District Court. But as a practical matter, because of respondent's absence from the state, it is now overtaken by a kind of procedural rigor mortis unlikely to abate so long as respondent remains outside the territorial limits of the State of Colorado. Until the decision of the Colorado Supreme Court was announced appellants did not know that their second action could not proceed

unless personal service of summons could again be made upon respondent in Colorado.[2]

Since appellants' California action is filed within one year after the Colorado Supreme Court prohibited the district court from going forward in appellants' second action, we conclude that section 355 operates to save their action from the bar of limitations. Accordingly the judgment must be reversed.

Appellant Frank Schneider's cause of action is to recover damages for loss of his wife's services and for loss of consortium. Respondent demurred on the ground that no action for damages for loss of consortium is permitted in this state.

In California, a husband whose wife is negligently injured by another may recover his damages for the loss of her services. (Code Civ. Proc. § 427; *West* v. *City of San Diego*, 54 Cal.2d 469, 475 [6 Cal.Rptr. 289, 353 P.2d 929], and cases cited.) But neither husband nor wife may recover damages for the loss of the other's consortium. (See *Meek* v. *Pacific Elec. Ry. Co.*, 175 Cal. 53, 56 [164 P. 1117]; *Deshotel* v. *Atchison T. & S.F. Ry. Co.*, 50 Cal.2d 664 [328 P.2d 449]; *West* v. *City of San Diego, supra,* 54 Cal.2d 469.) In *West* the court concluded that such damages were not embraced within the term ''consequential damages'' as used in Code of Civil Procedure section 427, and that, if such damages are to be recognized, the Legislature rather than the courts is the proper body to lay down the terms and conditions for their allowance. (P. 477.) In Colorado, however, the state legislature has enacted legislation expressly granting recovery for loss of consortium (Colo. Rev. Stats., § 90-2-11). We must therefore determine which state's law is to be applied to the facts of this case. We conclude that the California court should apply the Colorado law.

In *Reich* v. *Purcell*, 67 Cal.2d 551, 553 [63 Cal.Rptr. 31, 432 P.2d 727], our Supreme Court noted that, until recently, courts almost invariably applied the law of the place

---

[2]No Colorado statute having the ''long arm'' effect of our own Code of Civil Procedure section 417 has been cited to us, and we find none. If such a statute existed in Colorado, it might simplify appellants' procedural problems in that state. Our section 417 reads: ''Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State (a) at the time of the commencement of the action, or (b) at the time that the cause of action arose, or (c) at the time of service.''

of the wrong in tort actions, regardless of the issues before the court. But *Reich* also noted the virtual abandonment of that rule, and resolved the issue presented to it, not on the basis of the law of the place of the wrong, but rather upon a full consideration of all of the foreign and domestic elements and interests involved in the complex facts of that case. We rest our decision here upon similar considerations.

The alleged wrong took place in Colorado. All parties were Colorado residents at the time. Moreover, Colorado is the marital domicile of the husband seeking damages for loss of consortium. California, although it is the forum state, is merely the state to which the defendant happened to move after the alleged wrong occurred.

Rules permitting recovery for loss of consortium, like wrongful death damage limitations, are concerned not with how people should behave but how those wronged should be compensated. Hence, the fact that Colorado is the place of the wrong is not determinative. (*Reich* v. *Purcell, supra,* at p. 556.) Colorado, however, is the domicile of Mr. and Mrs. Schneider, and loss of consortium, like intra-family tort immunity, is perhaps a matter in which the state of marital domicile has the greater interest. (See *Emery* v. *Emery,* 45 Cal.2d 421, 428 [289 P.2d 218].) California's involvement in the case stems only from the fact that the defendant moved here and it is, practically speaking, the only place where the defendant can now be sued.

California has no strong public policy against awarding damages for loss of consortium. Indeed, such damages were awarded by our courts until recently, and they have not been abolished by the Legislature. (See *Gist* v. *French,* 136 Cal.App.2d 247 [288 P.2d 1003].) Damages for loss of consortium are not recoverable in California, not because such an allowance is regarded as morally wrong or violative of any public policy, but simply because the Legislature has not seen fit to provide for the allowance of such damages. (*West* v. *City of San Diego, supra,* p. 477.) On the other hand, Colorado has declared its policy by legislative enactment applicable to its residents and to facts occurring within its borders. Application by our court of the Colorado rule to facts arising in that state, involving residents of that state at the time the events occurred, does not offend any California interest or concern.

The judgment is reversed.

Draper, P. J., and Bray, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 24, 1968.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.