**Enid ALLEN, Plaintiff,**

v.

**GREYHOUND LINES, INC., a California Corporation, Defendant.**

**No. Cv–78–76–Bu.**

United States District Court,
D. Montana,
Butte Division.

Sept. 5, 1979.

---

W. William Leaphart, of Leaphart Law Firm, Helena, Mont., and Richards & Mecham, Ogden, Utah, for plaintiff.

Ronald F. Waterman, of Gough, Shanahan, Johnson & Waterman, Helena, Mont., for defendant.

## MEMORANDUM and ORDER

WILLIAM D. MURRAY, Senior District Judge.

On January 27, 1974, plaintiff was a passenger on one of the defendant's buses

---

when it was involved in an accident near Pocatello, Idaho. On June 2, 1976, more than two years later, plaintiff filed an action in Utah to recover for injuries allegedly sustained in the accident. The Utah court found that the plaintiff, although owning a residence in Utah in which she had resided for a number of years, had become domiciled in Montana prior to the accident and was still so domiciled at the time the action was filed. This precluded plaintiff from availing herself of the three year statute of limitations available to Utah citizens. Accordingly the Utah court "borrowed" the two year statute of limitations of Idaho, the state of the occurrence, and granted summary judgment to the defendant on the grounds that the action was barred thereby. The Utah court's findings were sustained on appeal at *Allen v. Greyhound Lines, Inc.*, 583 P.2d 613 (Utah 1978).

The instant action was filed December 4, 1978. Defendant has moved for a dismissal on the grounds that the action is barred by the three year Montana statute of limitations, MCA § 27–2–204(1) (1978). Plaintiff argues that the Utah action was filed within the three year Montana limitation and thus "saved" by the Montana savings statute, MCA § 27–2–407 (1978), which reads:

> If an action is commenced within the time limited therefor and a judgment [rendered] therein is reversed on appeal without awarding a new trial or the action is terminated in any other manner than a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment on the merits, the plaintiff . . . may commence a new action for the same cause after the expiration of the time so limited and within one year after such reversal or termination.

Thus the issue to be resolved here is whether the Montana savings statute applies to an action which was originally filed in another state, within the Montana statute of limitations, but outside the statute of limitations of the state wherein the action was filed.

As can be seen, the issue has two steps: Does the Montana savings statute have any application to an action filed in another state at all? If it does, which statute of limitations applies?

Insofar as the first step is concerned, the weight of authority is that the savings statute of the forum state has no application to an action which has been nonsuited in another state. *See,* Annot., 55 A.L.R. 1038 (1957), and cases cited therein.

Plaintiff relies on *Schneider v. Schimmels,* 256 Cal.App.2d 366, 64 Cal.Rptr. 273 (Ct.App.1967), in which it was held that the California savings statute did operate to save an action from the statute of limitations bar where the initial action had been filed in Colorado. This holding was based on the policy underlying the California savings statute, as announced in *Bollinger v. National Fire Ins. Co.,* 25 Cal.2d 399, 154 P.2d 399 (1944), of assuring a diligent plaintiff a determination of his claim on the merits where he has timely filed his original action. 256 Cal.App.2d at 371, 64 Cal.Rptr. 273.

However, the court in a later case clarified the holding in *Bollinger* by noting that ". . . decisions of this court have made it clear that the concurrence of the three factors present in *Bollinger* is essential to an application of the rule stated therein". Those factors are: (1) the trial court erroneously granted the nonsuit, (2) dilatory tactics by the defendant prevented the disposition of the first action so as to allow a timely filing of the second action, (3) diligence on the part of the plaintiff in pursuing his remedy. *Wood v. Elling Corp.,* 20 Cal.3d 353, 142 Cal.Rptr. 696, 700, 572 P.2d 755, 759 (1977). To the extent that it was inconsistent with *Wood, Schneider* was disapproved. *Id.* 142 Cal.Rptr. at 701, 572 P.2d at 760, fn. 7.

It thus appears that the position of the California Supreme Court is that their savings statute will save an action timely filed in another state where the three factors noted above are present. Inasmuch as the first two factors are not present in the instant case *Schneider* is inapposite.

Plaintiff cites *Lehtonen v. E. I. DuPont DeNemours & Co.,* 389 F.Supp. 633 (D.C. Mont.1975), as supporting her position that the Montana savings statute operates to save an action filed in another state. There the original action was timely filed in New York, but it was subsequently dismissed for failure to file an amended complaint. A new action was filed in federal court in New York and later transferred to the United States District Court in Montana. Applying Montana law the court held that the original action had been nonsuited as either a voluntary dismissal or failure to prosecute within the meaning of the savings statute, precluding its operation. The court never reached the question at issue here.

As noted previously the weight of authority preponderates in favor of the position that the savings statute of the forum has no application where the original action was brought in another state. *See, e. g., Andrew v. Bendix Corp.,* 452 F.2d 961 (6th Cir. 1971), *Riley v. Union Pacific R. Co.,* 182 F.2d 765 (10th Cir. 1950). Accordingly this court concludes that the Supreme Court of Montana would hold, and therefore this court holds, that the Montana savings statute, MCA § 27–2–407 (1978), will operate to save only those actions commenced in Montana within the time limited therefor. Defendant's motion to dismiss is granted.

Since the foregoing disposes of the matter, the time element of the issue dealt with herein need not be discussed. Likewise defendant's motion to strike is moot.

IT IS THEREFORE ORDERED and this does order that the above entitled action be and the same is hereby dismissed.