[Civ. No. 12126.   Second Appellate District, Division Two.—August 19, 1940.]

EVA M. TANNER, Respondent, v. Estate of JOHN L. BEST, Appellant.

Joseph A. Ball and Frank C. Charvat for Appellant.

Julian P. Van Dyke and John W. Finley for Respondent.

MOORE, P. J.—After judgment by the Superior Court of Los Angeles County quieting the title in plaintiff to all of the assets of the said estate of said decedent, the ''estate'' appeals.

John L. Best departed this life November 11, 1936. Thereupon pursuant to her petition, plaintiff received letters of administration as a collateral kinswoman. As such administratrix, she took into her possession all of the property of decedent of which he died possessed, consisting of stocks and bonds which had been left in a safety deposit box in a bank. She caused notice to creditors to be published and subsequently filed an inventory of assets. In both her petition for letters of administration and in the inventory, plaintiff inserted notice of her claim of ownership of all of the property. Thereafter, on the petition of Lena Bender, the court determined that the true name of decedent was John H. Bender and that Lena Bender was his surviving wife.

Instead of filing a final accounting, plaintiff in her individual capacity commenced this action in the superior court, naming as defendants Estate of John L. Best, sometimes known as John L. Bender, Joseph A. Ball, Lena Bender, and

other defendants whose true names were unknown at the time of filing the complaint. The nature of her action was to quiet title in herself to all of the assets of the estate.

At the trial of the action plaintiff based her right of recovery upon the force and virtue of a certain writing executed by decedent under date of October 28, 1933, and upon her participation in the purchase of said assets. In other words, her proof indicated to the trial judge that she was not only part owner in the property but that decedent's interest therein had been given to her by him. The evidence was sufficient to justify the judgment were it not for other considerations discussed hereafter.

In an attempt to meet the contentions and the evidence offered by plaintiff, the "estate" urged that said writing was neither evidence of a completed gift nor evidence of an indebtedness on the part of the decedent; that the evidence was insufficient to support the allegation that Mrs. Tanner held legal title and that the complaint did not allege facts which would justify equitable relief.

The trial judge found plaintiff to be the sole owner of the the assets; that their reasonable value was $3,018, and by decree determined that the defendants and all persons claiming under them "subsequent to the filing of this action be forever barred from any claim of right or title to said property or any lien thereon or any part thereof". ██ Upon this appeal the "Estate" contends as follows: (1) that no service was obtained on any defendant; (2) that an "estate" is not a person, natural or artificial which can claim or hold title or sue or be sued; (3) that the rights of an "estate" cannot be determined *eo nomine*. We think such contentions of the "estate" are well founded.

It is fundamental that before an action can be instituted in the superior court there must be a party plaintiff and a party defendant. (Code Civ. Proc., title III, part 2.) In the case at bar there is no defendant before the court. While it appears from the answer on file that Attorney Ball was appointed by the court as attorney for the heirs at law as well as for the "Estate" there is nothing to indicate that any of the heirs at law were served with summons or that Attorney Ball appeared for any heir at law in the trial. In the absence of a showing of incompetency on the part of the heirs at law, it will not be presumed that the court had authority

to appoint counsel for them. While Attorney Ball was named as a defendant there is nothing to indicate that he had any interest in the estate and he emphasized that fact by filing his disclaimer in the action which left as a defendant only the "Estate of John L. Best". We thus have a civil action with a real plaintiff asserting a real cause but without a defendant against whom a judgment could be entered. Section 379 of the Code of Civil Procedure provides that any person may be made a defendant who claims an interest in the controversy adverse to plaintiff or who is a necessary party to a complete determination or settlement of the question involved therein. Section 379a provides "all persons may be joined as defendants against whom the right to any relief is alleged to exist". But we find no provision of said code authorizing the prosecution of an *ex parte* action for establishing personal property rights as against the possible claims of others. The "estate" of a decedent is not an entity known to the law. It is neither a natural nor an artificial person. It is merely a name to indicate the sum total of the assets and liabilities of a decedent, or of an incompetent, or of a bankrupt. (11 Cal. Jur. 79.) In order for a civil action to be prosecuted, there must be some existing entity aimed at by the processes of the law, and against whom the court's judgment will operate. Bouvier's Law Dictionary defines an "estate" to be a word used to describe a condition of property, not to describe its owner.

In the foregoing discussion, we were not unmindful of section 703 of the Probate Code which reads as follows: "If the executor or administrator is a creditor of the decedent, he shall file his claim with the clerk, who must present it for allowance or rejection to the judge. Its allowance by the judge is sufficient evidence of its correctness, and it must be paid as other claims in due course of administration. If the judge rejects the claim, action thereon may be had against the estate by the claimant, and summons must be served upon the judge who shall appoint an attorney, at the expense of the estate, to defend the action. If the claimant fails to recover, he must pay all costs, including defendant's reasonable attorney's fees, to be fixed by the court."

But said section has to do with "claims" of an executor or administrator against the estate which he is administering. A "claim" refers to a debt due the claimant. (11A Cal. Jur.

485.) It is a money demand. It recognizes the existence of an estate out of which the claimant asks to be paid, whereas a demand for all of the assets, in effect, denies the existence of such estate. The claimant of specific property cannot properly be called a creditor within the meaning of the statute. (*Estate of Dutard,* 147 Cal. 253, 256 [81 Pac. 519].) Said section was evidently conceived for the purpose of simplifying procedure in the matter of disposing of claims which the judge has rejected. Section 379 of the Code of Civil Procedure authorizes the inclusion of nothing but persons as defendants. Moreover, when a plaintiff finds the interested parties are numerous and it is impracticable to bring them all before the court, one may defend for the benefit of all. (Code Civ. Proc., sec. 382.) Not only is there no allegation of such interested number but plaintiff named the surviving wife of decedent and then failed to serve her with summons. ■ Although the evidence presented on behalf of plaintiff is impressive, we find it impossible to invoke the support of section $4\frac{1}{2}$ of article VI of the Constitution because we have not before us the parties who are entitled to resist the demands of plaintiff.

The judgment is reversed with instructions to dismiss as to ''The Estate of John L. Best, sometimes known as John L. Bender''.

Wood, J., and McComb, J., concurred.