[Civ. No. 45096. Second Dist.. Div. Two. Aug. 6. 1975.]

PRISCILLA MIRANDA, as Administratrix, etc.,
Plaintiff and Appellant, v.
GREAT SOUTHWEST FIRE INSURANCE COMPANY et al.,
Defendants and Respondents.

**COUNSEL**

Erwin Sobel for Plaintiff and Appellant.

Kirtland, Darby, Fleming, Anderson & Hager, Clifford R. Anderson, Jr., and Charles E. Boyle for Defendants and Respondents.

**OPINION**

**ROTH, P. J.**—Joel Rostau, now deceased, during his lifetime filed two separate timely[1] claims complete in all respects for losses of variou

[1]Paragraph 13 of each policy provided: "13. SUIT AGAINST COMPANY. No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim. Provided, however, that if by the laws of the state within which this policy is issued such

items of jewelry sometime between October 28 and November 8, 1969, insured in equal amounts, under two several insurance policies issued to Rostau severally by respondents on August 25, 1969. Each of the claims were severally rejected. On May 12, 1970, a complaint, superior court No. 976,785 (Rostau action) was filed in the name of Rostau against each of respondent insurers and the agent who had represented both, alleging failure to pay and fraud and seeking compensatory and punitive damages.

The complaint in the Rostau action was amended November 30, 1970 by ex parte order substituting as party plaintiff Estate of Rostau, based upon a declaration of Rostau's counsel that he had learned in June of 1970 that Rostau had died leaving a will; Rostau's estate was being probated in Suffolk County, Mass., and that declarant had been authorized in writing by the probate attorney to act "as counsel on behalf of the estate with respect to claims . . . ."

On March 2, 1971, respondents moved to dismiss the Rostau action on the ground that Estate of Rostau was not a viable or proper party. (*Tanner* v. *Estate of Best* (1940) 40 Cal.App.2d 442, 445 [104 P.2d 1084].) Rostau's counsel appeared, the motion was submitted and on March 25, 1971, granted. Notice of the order dismissing the Rostau action was filed April 1, 1971.

On April 19, 1973, two years after the above notice, Priscilla Miranda, as administratrix of the estate of Rostau (Miranda), seeking to recover the insurance covering the lost jewelry, filed the complaint before us (Miranda action), admitted to be substantially similar in all respects to the complaint in the Rostau action.[2]

In pertinent part the Miranda action alleges that she was appointed administratrix on April 29, 1972, in probate case No. P 570, 448, now pending in the Superior Court of Los Angeles County. The probate order appointing Pricilla administratrix recites in pertinent part that "Joel Rostau died on May 14, 1970, . . . ." Respondents demurred on June 10th. The demurrer was eventually argued and on August 22, 1973, sustained and Miranda was permitted 30 days to amend and on October 9, 1973, filed her first amended complaint.

---

limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such state to be filed herein."

[2] In a brief filed in the trial court, respondents declare " . . . the complaints are, . . . literally identical. . . ."

Respondents again demurred on the ground that the action was barred by the limitations of the policies involved (fn. 1) and by section 353 of the Code of Civil Procedure.[3] On November 15, 1973, respondents' demurrer apparently was sustained without leave to amend,[4] but the order of dismissal was predicated upon Code of Civil Procedure section 581, subdivision 3.

Plaintiff appeals from the order.

It is trite to assert that when a demurrer is sustained without leave that facts properly pleaded and all proper inferences which may be drawn must be accepted as true. It is also established that this court as did the trial court, may take judicial notice of the record pertaining to the issues raised by the Rostau action and the Miranda complaint. The probate proceeding in the Rostau estate established the decisive fact that Rostau died on May 14, 1970. Thus, Rostau was alive when the Rostau action was filed.

Respondents concede that Miranda was a proper party. (Code Civ. Proc., § 383; Prob. Code, § 573), and that it would have been proper to consider Miranda's claim if she had asserted it within the 12-month period provided by the policies (fn. 1) or because of Rostau's death within the time allowed by Code of Civil Procedure section 353.

Respondents concede, too, that the "clear purpose behind all statutes of limitation is to promote rather than inhibit justice." They predicate their defense of the order on the declaration that " . . . a person such as appellant . . ., who feels that he has a claim must pursue his remedy speedily . . . so that . . . their witnesses, . . . the facts and the circumstances surrounding the claim, will not be lost or obscured through the passage of time."

[3]Code of Civil Procedure section 353 provides in pertinent part: "If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representatives, after the expiration of that time, and within six months from his death. . . ."

[4]No minutes of the order appear in the clerk's transcript but respondents, by notice filed on November 19, 1973, advised Miranda that it was sustained on two grounds: "That the action is barred by the applicable policy limitation as not being timely brought, and 2. That the action is barred by *Code of Civil Procedure*, § 353 as not being timely brought by plaintiff, as Administratrix of the Estate of Joel Rostau, deceased." However, the only order appearing in the clerk's transcript made on November 15 was as follows: "Good cause appearing therefor, the above entitled action is hereby dismissed under the provisions of Section 581(3) of the Code of Civil Procedure as to defendants GREAT SOUTHWEST FIRE INSURANCE COMPANY, a corporation; YOSEMITE INSURANCE COMPANY, a corporation, and ANDERSON & MURISON."

Miranda replies that: the Rostau action was predicated upon the insurance claims herein set forth and that it and both claims were timely filed as required by the policies (fn. 1); Miranda action is in fact a continuance of the Rostau action and, under principles enunciated in *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399], must be so construed; Code of Civil Procedure section 353 has no application and, finally, that there has been no delay which would justify a forfeiture of rights alleged by the Miranda action. We agree.

In *Bollinger,* plaintiff in his original action was nonsuited because he filed a lawsuit against an insurer in violation of a policy provision that prohibited such filing prior to the expiration of 30 days from date of the loss. Thereafter plaintiff refiled on a date after the expiration of the time period fixed in the policy for commencement of an action. A demurrer to the second complaint was sustained without leave. The *Bollinger* court said at pages 410-411 that the second action: " . . . is in reality a continuance of the earlier action [commenced in time] involving the same parties, facts, and cause of action, and was promptly filed after entry of judgment on the nonsuit [in the municipal court], plaintiff should not be deprived of a trial on the merits because he failed to seek other remedies in the municipal court." (25 Cal.2d 399, 410-411.)

The only remaining question is whether Miranda "commenced in time" to enforce the rights of Rostau estate.

It appears from the record in the form of extra-legal declarations appended to points and authorities filed by the parties in connection with arguments on demurrers, that: probate of Rostau's estate was pregnant with difficulties; Rostau was murdered in New York City, his body was found in the trunk of his automobile; there was uncertainty as to the date of his death; Rostau's estate was probated in Massachusetts, and there was difficulty in communication between interested parties and location of heirs and witnesses who had been interviewed by respondents and cannot be found, and respondents rely on said witnesses for the evidence upon which they based the rejection of the Rostau claims. All of these matters, if relevant, are questions of fact to be settled in the Miranda action if they are properly raised and determined to be material issues. We cannot assume from the facts alleged in Miranda action that there was any undue delay in the filing thereof.

Further, it should be noted that neither policy places any time limitations on the refiling of a lawsuit which in the first instance was

timely filed but dismissed for some technical reason.[5] It is bromidic to declare such omission or ambiguity must be construed in favor of the insured. (*Silberg* v. *California Life Ins. Co.* (1974) 11 Cal.3d 452, 464 [113 Cal.Rptr. 711, 521 P.2d 1103]; *Bareno* v. *Employers Life Ins. Co.* (1972) 7 Cal.3d 875 [103 Cal.Rptr. 865, 500 P.2d 889].)

In *Bareno* the court at page 878 said: " . . . considerations of public policy have long led courts to insist that insurers draw clear policies or suffer adverse consequences; we have consistently held that ambiguities in such documents must be resolved against the insurer. (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 269 [54 Cal.Rptr. 104, 419 P.2d 168]; *Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 437-438 [296 P.2d 801]; accord, Civ. Code, § 1654.)"

Noting that defense of the running of the statute of limitations is technical and not substantive, *Bollinger* at page 405 declares: ". . . it must not be forgotten that the primary function of insurance is to insure. . . ., care should be taken to prevent technical forfeitures such as should ensue from an unreasonable enforcement of a rule of procedure unrelated to the merits. . . ." (25 Cal.2d 399, at p. 405.)

The judgment is reversed.

Compton, J., concurred.

**FLEMING, J.**—I dissent.

The period of limitation for bringing an action under the policy is one year. The period of limitation for bringing a new action after reversal of judgment or dismissal without trial is one year. (Code Civ. Proc., § 355; *Bollinger* v. *National Fire Ins. Co.*, 25 Cal.2d 399, 409-410 [154 P.2d 399].) The period of limitation for an action by representatives of a decedent is six months. (Code Civ. Proc., § 353.) While nice questions might arise over which of these provisions would fit the facts of a particular case, here the two-year delay from the dismissal of the first action in March 1971 to the filing of a new action on the same claim in April 1973 outlawed the action under any of the foregoing limitations.

---

[5]The primary purpose of the time limitation for filing an action set forth in a policy is to enable insurer to gather and preserve facts upon which it may rely for a defense against a claim. That purpose appears to have been served at bench by the timely filing of claims and the Rostau action.

Plaintiff relies on *Bollinger* v. *National Fire Ins. Co.,* 25 Cal.2d 399 [154 P.2d 399], a case where defendant's estoppel, waiver, and dilatory tactics excused plaintiff's compliance with the limitation period of the policy. In that case, however, the second action was filed *four days* after the dismissal of the first action, and consequently, even though the policy period of limitation had run, the filing was ruled timely because the one-year period of limitation for refiling under section 355 had not run. At bench there is no suggestion that defendant was estopped by its conduct from relying on the policy period of limitation, or that it had waived its rights, or that it had used dilatory tactics. On dismissal of the first action at a time subsequent to the expiration of the one-year policy period, the maximum period for bringing a new action was no more than one year. (*Bollinger* v. *National Fire Ins. Co., supra,* pp. 408-411.)

Plaintiff suggests the second action was a continuation of the first, and from this she concludes she did not need to comply with any further period of limitation once she had filed her original action within the policy limitation period. Even if we accept her suggestion of continuity of action as true, her conclusion does not follow, for continuity of action does no more than bring her within the one-year grace period for refiling under section 355.

In sum, I would hold that the policy period of limitation controls the time within which an action may be brought, that any new action commenced after the expiration of the policy period of limitation must, at a minimum, comply with the one-year period of section 355.

I would affirm the judgment of dismissal and terminate this stale litigation.