[Civ. No. 41712. First Dist., Div. Three. Oct. 27, 1978.]

CENTRAL BANK et al., Plaintiffs and Appellants, v.
TRANSAMERICA TITLE INSURANCE COMPANY,
Defendant and Respondent.

860

**COUNSEL**

Anthony W. Hawthorne for Plaintiffs and Appellants.

Reid, Babbage & Coil and Donald F. Powell for Defendant and Respondent.

## OPINION

**WHITE, P. J.**—Appellants Central Bank and United Communities Corporation appeal from a judgment entered in favor of respondent Transamerica Title Insurance Company after the trial court granted respondent's motion to dismiss and sustained its demurrer to the complaint without leave to amend. Appellants contend that their causes of action were not barred by the statute of limitations and the trial court improperly applied the doctrine of res judicata. We find res judicata is not a bar, but the statute of limitation is, and affirm the judgment.

In April of 1970 Waray, Inc. (hereinafter Waray), was the owner of certain real property located in Riverside County, California. That month Waray entered into a written contract with Paul Sam whereby Sam, or his nominee, agreed to purchase the property from Waray for $410,000. It was further agreed by the parties that Waray was to receive a purchase money deed of trust in the amount of $160,000 which deed of trust would be subordinate to a first deed of trust. The parties also agreed that the first deed of trust would be for the purpose of securing a construction loan which funds were to be entirely used by the purchaser for the construction of a mobile park on the real property.

In July of 1970, Sam told Waray that Wonder Palms would be the ultimate purchaser of the property. Central Valley National Bank (appellant herein) agreed to lend Wonder Palms $1,270,000 as a construction loan to build a mobile home park. Central Bank required that Waray's deed of trust be subordinated to its deed of trust through priority of recording rather than through a formal subordination agreement. Waray agreed to subordinate its deed of trust pursuant to the understanding that Central Bank would disburse funds only for construction of improvements on the property.

On February 2, 1973, Waray brought suit (hereinafter Waray Action) against appellants Central Bank and United Communities Corporation, among others, alleging as follows: Central Bank disbursed funds from its construction loan account other than for the construction of improvements on the property. The construction of the mobile home project was abandoned before completion although all or substantially all of the construction loan funds had been disbursed. Central Bank conducted foreclosure proceedings under the power of sale contained in its deed of trust. Central Bank purchased the property for the amount of its loan.

Waray is entitled to its security interest reinstated as superior to Central Bank or to damages in the amount of $190,000 plus interest.

Central Bank asked respondent Transamerica Title Insurance Company to represent it in the Waray Action. In a letter dated November 14, 1973, respondent notified Central Bank that since it was respondent's opinion that its policy did not afford coverage to Central Bank respondent would not defend the Waray Action for Central Bank. On December 9, 1975, judgment was entered in the Waray Action in favor of Waray in the amount of $228,829.56.

On March 18, 1975, before the judgment was entered in the Waray Action, appellants filed a complaint in the Superior Court of Contra Costa County naming respondent as a defendant, as well as Cristine Reyes. Appellants allege in the complaint that respondent acted as the escrow holder involving the sale of the real property in Riverside County and respondent failed to follow Central Bank's instructions in that escrow in regard to the preparation and recordation of a subordination agreement. Appellants allege that respondent's conduct, a breach of fiduciary duty, resulted in appellants being named as defendants in the Waray Action. Thereafter this action was transferred to the County of Riverside.

On October 10, 1975, appellants moved for leave to file an amended complaint adding a second cause of action. The motion was granted and appellants filed the amended complaint alleging that Central Bank was induced to withdraw its request for a written and recorded subordination agreement by the statements of Cristine Reyes, an agent of respondent.

On March 10, 1976, appellants moved for the second time in the Riverside County Superior Court for an order allowing them to file an amended complaint. The proposed amended complaint alleged 10 additional causes of action.[1] On September 30, 1976, the Superior Court of Riverside County denied appellants' motion to amend their complaint. Pursuant to appellants' request, the trial court prepared a memorandum opinion in support of its ruling.

---

[1] In the proposed third cause of action appellants sought recovery under a 1970 title insurance policy issued by respondent insuring that the Waray deed of trust was subordinate to Central Bank's deed of trust. In the proposed fourth cause of action appellants sought recovery under a 1971 insurance policy issued by respondent. In the proposed fifth cause of action appellants sought recovery for the wrongful failure to provide Central Bank a defense in the Waray Action under the 1970 policy. In the proposed sixth cause of action appellants sought recovery for the wrongful failure to provide Central Bank a defense in the Waray Action under the 1971 policy. In the

Before the trial court in Riverside County had ruled on appellants' motion to amend their complaint, appellants brought the instant action in the Superior Court of Alameda County on March 26, 1976, naming respondent as the defendant. This complaint purports to state 10 causes of action which are basically identical in form and content to the 10 causes of action appellants sought to add to their complaint in the Riverside County action by way of amendment.

Respondent demurred to the complaint in Alameda County on the grounds that the complaint does not state a cause of action, is barred by the statute of limitations, is barred by the doctrine of res judicata, and another action pending between same parties on same cause of action. Respondent also moved to dismiss the complaint on the ground of res judicata. Respondent asked the court "to request the Chairman of the Judicial Council to assign a judge to determine the appropriateness of coordinating" the Riverside and Alameda actions.

On March 15, 1977, the Honorable John P. Sparrow sustained respondent's demurrer without leave to amend on the grounds that the complaint was barred by the statute of limitations and that there had been an adjudication on the merits of the issues raised in the complaint in the Riverside County Superior Court. The trial court also granted respondent's motion to dismiss. The motion to coordinate was denied. Judgment of dismissal was entered on March 18, 1977.

The parties agree that the applicable statute of limitations is contained in Code of Civil Procedure section 339, subdivision 1, which provides for a two-year statute of limitation. Section 339, subdivision 1 of the Code of Civil Procedure provides: "Within two years: 1. An action upon a contract, obligation or liability not founded upon an instrument of writing, other than that mentioned in subdivision 2 of Section 337 of this code; or an action founded upon a contract, obligation or liability, evidenced by a certificate, or abstract or guaranty of title of real property,

---

proposed seventh cause of action appellants sought recovery (including punitive damages) for the bad faith refusal to accept the tender of defense under the 1970 policy. In the proposed eighth cause of action appellants sought recovery (including punitive damages) for the bad faith refusal to accept the tender of defense under the 1971 policy. In the proposed ninth cause of action appellants sought recovery for breach of contract of the 1970 policy. In the proposed 10th cause of action appellants sought recovery for breach of contract of the 1971 policy. In the proposed 11th cause of action appellants asked for a declaration of the rights and duties of the parties under the 1970 policy. In the proposed 12th cause of action appellants asked for a declaration of the rights and duties of the parties under the 1971 policy.

or by a policy of title insurance; provided, that the cause of action upon a contract, obligation or liability evidenced by a certificate, or abstract or guaranty of title of real property or policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder."

■ Appellants argue that their causes of action alleged in their complaint filed in Alameda County did not accrue until judgment was entered in the Waray Action because until that time they were unable to discover the full extent of their loss or damage. Respondent, on the other hand, argues that it was not necessary for appellants to discover the full extent of their loss for appellants' causes of action to accrue, but rather their causes of action accrued when appellants discovered appreciable harm.

No case has been brought to our attention that addresses the issue raised by the parties in the instant case in the context of discovery of loss or damage claimed to be covered by a title insurance policy. In *Contini* v. *Western Title Ins. Co.* (1974) 40 Cal.App.3d 536, 548 [115 Cal.Rptr. 257], the court addressed "discovery" with respect to a cause of action for negligence of a title abstractor. The concept of "discovery" has been defined in the professional negligence (malpractice) context. In *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176 [98 Cal.Rptr. 837, 491 P.2d 421], the California Supreme Court concluded that the statute of limitations for legal malpractice contained in section 339, subdivision 1, as for all professional malpractice, commences to run when the client discovers his cause of action. In *Budd* v. *Nixen* (1971) 6 Cal.3d 195 [98 Cal.Rptr. 849, 491 P.2d 433], a companion case to *Neel*, the California Supreme Court held that a cause of action for legal malpractice does not accrue until the plaintiff has suffered appreciable harm. In *Davies* v. *Krasna* (1975) 14 Cal.3d 502, 514 [121 Cal.Rptr. 705, 535 P.2d 1161, 79 A.L.R.3d 807], the California Supreme Court stated the principle as follows: "[A]lthough a right to receive nominal damages will not trigger the running of the period of limitation, the infliction of appreciable and actual harm, however uncertain in amount, will commence the statutory period. Under present authority, neither uncertainty as to the amount of damages nor difficulty in proving damages tolls the period of limitations."

An action for professional malpractice is covered by the first part of subdivision 1 of section 339 which does not specifically provide that a cause of action does not accrue until discovery of the loss or damage,

while appellants' action upon a policy of title insurance is covered by the second part of subdivision 1 of section 339 which specifically provides that a cause of action accrues only upon discovery of the loss or damage. However, as noted above by judicial declaration a cause of action for professional malpractice accrues upon discovery of the harm or damage. There would appear to be no reason for not applying the judicially declared principles to the statutory principles, since both concern the concept of "discovery." Accordingly, appellants' causes of action under the policy issued by respondent accrued when appellants suffered appreciable harm, not when appellants had discovered the full extent of their loss.

There is no dispute but that respondent refused appellants' tender of defense and denied liability for the Waray Action on November 13 or 14, 1973. Appellants, in their complaint filed in Contra Costa County, alleged that they incurred legal costs and related fees in relation to the Waray Action on March 22, 1973. Thus, at the very latest appellants suffered appreciable harm on November 14, 1973, but more likely appellants suffered appreciable harm as soon as March 22, 1973, when appellants incurred attorney's fees. (See *Budd* v. *Nixen, supra,* 6 Cal.3d 195, 201-202.) In either circumstance appellants' causes of action accrued more than two years before the complaint was filed in Alameda County on March 26, 1976.

■ Appellants, in order to avoid such a conclusion, argue that the statute of limitations was tolled by the filing of the original complaint against respondent on March 18, 1975, in Contra Costa County which action was later transferred to Riverside County. Appellants cite *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399], *Miranda* v. *Great Southwest Fire Ins. Co.* (1975) 50 Cal.App.3d 492 [123 Cal.Rptr. 357] and *Schneider* v. *Schimmels* (1967) 256 Cal.App.2d 366 [64 Cal.Rptr. 273], as support for their contention. In *Wood* v. *Elling Corp.* (1977) 20 Cal.3d 353 [142 Cal.Rptr. 696, 572 P.2d 755], the California Supreme Court disapproved of *Miranda* and *Schneider* and explained *Bollinger.* (*Wood* v. *Elling Corp., supra,* at pp. 361-362, fn. 7.) *Bollinger* "declares a general equitable principle of disregard of the statute of limitations to avoid a harsh and technical forfeiture." (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 386, p. 1220; also § 196, p. 1055.)

In *Bollinger,* the plaintiff, having sustained a nonsuit in an earlier action for filing suit prematurely under the terms of an insurance policy, immediately brought a second suit on the same cause of action. Judgment

was entered in favor of defendant after the trial court sustained defendant's demurrer without leave to amend on the ground that the 15-month shortened period of the policy had expired. The Supreme Court in *Bollinger* reversed holding that although the specific terms of section 355 of the Code of Civil Procedure[2] did not render the statutory limitation period applicable to the case before the court, "that period should nevertheless be held to apply (rendering the second action timely) because (1) the trial court had erroneously granted the initial nonsuit, (2) dilatory tactics on the part of the defendant had prevented disposition of the first action in time to permit a second filing within the 15-month period, and (3) plaintiff had at all times proceeded in a diligent manner." (*Wood* v. *Elling Corp., supra,* 20 Cal.3d 353, 361.)

In *Wood* v. *Elling Corp.,* the court makes it clear that the concurrence of the three factors present in *Bollinger* is essential to an application of the rule stated therein. (*Id.,* at p. 361.) Accordingly, the court in *Wood* v. *Elling Corp.* refused to apply the rule where the first action had been dismissed as to certain defendants on the ground that service and return of summons had not been effected within three years after the commencement of the action. (Code Civ. Proc., § 581a.) The court stated to hold the rule of *Bollinger* applicable to the fact situation presented in *Wood* v. *Elling Corp.* "would be wholly inconsistent with the broad policy underlying all statutes of limitations. 'Statutes of limitation, like the equitable doctrine of laches, in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' " (*Id.,* at p. 362.)

In our view, the *Bollinger* rule should not be applied in this case. Appellants have not at all times proceeded in a diligent manner. The trial court in Riverside County refused to allow appellants to amend their complaint adding the 10 causes of action that appellants later alleged in the complaint filed in the instant action on the ground that appellants had long known the facts underlying these causes of action but had yet

---

[2]Section 355 of the Code of Civil Procedure provides: "If an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff, . . . may commence a new action within one year after the reversal."

delayed in filing the proposed amendment to the complaint. Since appellants did not timely present their causes of action in the Riverside action, the statute of limitations was not tolled by the Riverside action. (See *Wood* v. *Elling Corp., supra,* 20 Cal.3d 353, 361.)

■ Appellants contend that respondent waived the statute of limitations in paragraph 7 of the 1970 and 1971 policies. Paragraph 7 provides in pertinent part: "No claim shall arise or be maintainable under this policy . . . (b) in the event of litigation until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured, as provided in paragraph 3 hereof; . . ." Appellants claim that under this paragraph, they could not bring the present action until a final determination of the Waray Action. Appellants argue that they could not have filed the complaint in the instant action until a judgment had been entered in the Waray Action and such judgment was entered in the trial court in December of 1975. However, paragraph 7 also provides that the insured shall have no claim under the policy until a "disposition of all appeals." The judgment in the Waray Action was appealed and a remittitur was issued by the Fourth District, Division Two, on July 12, 1977. Therefore, under the theory advanced by appellants their complaint was prematurely filed.

Respondent on the other hand would have this court construe paragraph 7 in light of paragraph 3 since paragraph 7 refers to paragraph 3. Paragraph 3 provides in pertinent part: "(a) The Company, at its own cost and without undue delay, shall provide for the defense of an insured in all litigation consisting of actions or proceedings commenced against such insured, . . . to the extent that such litigation is founded upon an alleged defect, lien, encumbrance, or other matter insured against by this policy. . . . [¶] (c) The Company shall have the right at its own cost to institute and without undue delay prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable . . . and the Company may take any appropriate action under the terms of this policy, whether or not it shall be liable thereunder, and shall not thereby concede liability or waive any provision of this policy. [¶] (d) Whenever the Company shall have brought any action or interposed a defense as required or permitted by the provisions of this policy, the Company may pursue any such litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order. [¶] (e) In all cases where this policy permits or requires the Company to prosecute or

provide for the defense of any action or proceeding, . . . the Company [shall have] the right to so prosecute or provide defense in such action or proceeding, . . ."

Respondent contends that the word "litigation" contained in paragraph 7 is qualified by paragraph 3 so that the term litigation refers only to the litigation respondent agrees to defend or if the litigation is brought by the insured against a third party, the cost of which respondent agrees to pay.

Respondent's argument finds support from the following language found in *Bollinger* v. *National Fire Ins. Co., supra,* 25 Cal.2d 399, 404: "If an insurance company unconditionally denies liability it would serve no purpose to require the insured to delay suit further." (See also *Paez* v. *Mutual Indem. etc. Ins. Co.* (1931) 116 Cal.App. 654, 660 [3 P.2d 69].)

A party to a contract may waive the running of the statute of limitation by express agreement. (Code Civ. Proc., § 360.5; *County of Santa Clara* v. *Vargas* (1977) 71 Cal.App.3d 510, 520 [139 Cal.Rptr. 537].) If it can be said that respondent waived the statute of limitation in its policies, respondent waived the statute of limitation only to the litigation in which respondent was involved. The obvious purpose of paragraph 7 was to prevent the insured from suing respondent while respondent was actively involved in the third party action. Since respondent denied liability on November 13 or 14, 1973, there was no reason to delay the commencement of an action to determine whether the respondent's claim of nonliability was well taken. Accordingly, the trial court properly determined that appellants' causes of action were barred by the statute of limitations.

▮ Appellants contend that the order in the Riverside County action denying appellants' motion for leave to file the second amendment to the complaint did not properly constitute a ruling on the legal sufficiency of the 10 additional causes of action and therefore the ruling of the court in the Riverside County action should not have been held to be res judicata in the Alameda County action. Appellants' contention is correct.

▮ In determining the validity of a plea of res judicata three questions are pertinent: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 812 [122 P.2d 892].)

It is evident that the ruling of the Superior Court of Riverside County denying appellant leave to file the second amended complaint was not a final judgment on the merits. A judgment or order is "final" in the context of the doctrine of res judicata only if no further judicial act remains to be done to end the litigation. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 162, pp. 3306-3307.) An order denying a motion for leave to amend is a nonappealable order. (*Tu-Vu Drive-In Corp.* v. *Davies* (1967) 66 Cal.2d 435 [58 Cal.Rptr. 105, 426 P.2d 505].) This well settled principle of appellate review is dictated by the "*one final judgment*" rule. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 36, pp. 4050-4051.)

The Riverside County Superior Court order is intermediate and awaits the final disposition of the appellants' two remaining causes of action therein before there can be appellate review. Occasionally where some extraordinary reason is made apparent, the prerogative writs, i.e., mandamus, are available for interlocutory review of the trial court's exercise of discretion in such matters of pleading. (See *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; *Burrus* v. *Municipal Court* (1973) 36 Cal.App.3d 233, 236 [111 Cal.Rptr. 539].)

Manifestly, appellants' 10 causes of action were not res judicata when filed in Alameda County. This is the case notwithstanding the fact that the Riverside court in denying leave to file assigned as one reason that the proposed amendments failed to state a cause of action. However, as we have explained, appellants' causes are barred by the statute of limitations. Accordingly, we affirm the judgment.

Feinberg, J., and Halvonik, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 20, 1978.