SOUTH ACRES DEVELOPMENT CO.,
a partnership, Plaintiff

v.

CHASE MANHATTAN BANK,
a national bank, Defendant

Civil No. 16-79
Superior Court of Guam
May 12 1980

- - - - -

- - - - -

BENSON, Judge

## DECISION

The defendant's motion for summary judgment came before the court for oral argument on April 14, 1980, alleging that the action is barred by the statute of limitations. The parties appeared by counsel.

The facts appear without dispute. On December 11, 1975, the action arose on an alleged breach of contract for the sale of land. On January 13, 1976, the plaintiff filed its complaint in the District Court of Guam. The defendant moved for an order dismissing the complaint on the ground that the court lacked diversity jurisdiction. This motion was denied and the denial was affirmed in the Ninth Circuit Court of Appeals. The

45

United States Supreme Court granted the defendant's petition for <u>certiorari</u> and reversed.

In January, 1978, the plaintiff learned of the Supreme Court's opinion and assumed at that time that the case pending in the District Court of Guam would be dismissed in due time. On June 26, 1978, that dismissal was ordered by the District Court of Guam. On January 4, 1979, the present action, identical to that filed at the District Court, was filed.

It appears undisputed that the statute involved is two years.

In opposition to the motion to dismiss, the plaintiff seeks the equitable relief of the court to toll the statute during the time the action was pending in the District Court of Guam. If the statute is thus tolled, the time elapsed is eight months; one month from December 11, 1975 until January 13, 1976, plus seven months from June 26, 1978 until January 4, 1979.

Without the tolling, over three years elapsed from the breach until the filing in this court. The defendant asserts that the statute should not be tolled since the plaintiff has not acted with diligence, in that twelve months elapsed from the time the plaintiff learned of the Supreme Court action until it filed here, and seven months elapsed from the time the District Court dismissed the case until the filing here. In no case cited by either party has the plaintiff delayed the refiling of the second case a comparable length of time.

Two case were cited in which the doctrine of tolling was not permitted. In <u>Central Bank, et al v. Transamerican Title Insurance Company</u>, 85 Cal.App.3d 859, 149 Cal.Rptr. 822 (1978), the original action had been filed in Riverside County. When the plaintiff moved to file a second amended complaint, the court denied the request on the ground that the appellants had long known the facts underlying the additional causes of action set forth in the proposed second amended complaint. Since the court found that no diligence existed in filing the amended complaint in Riverside County, the statute of limitations was not tolled as to the second action filed in Alameda County. "Since appellants did not timely present their causes of action in the Riverside action, the statute of limitations was not tolled in the Riverside action." 85 Cal.App. 3d, at p. 868.

In <u>Wood v. Elling Corporation, et al.</u>, 20 Cal.3d 353, 142 Cal.Rptr. 696, 572 P.2d 755 (1977), the original action had been dismissed because the complaint had never been served. The court held that the pendency of the first action did not toll the running of the statute, and the second action filed after the statutory period had run was time-barred. 20 Cal.3d, at p. 359.

Two cases were cited in which the action was first filed in the federal court and then in the state court. <u>Addison v. State of California</u>, 21 Cal.3d 313, 146 Cal.Rptr. 224, 578 P.2d

46

942 (1978) and Nicols v. Canoga Industries, 83 Cal. App. 3d 956, 148 Cal.Rptr. 459 (1978). In both cases the courts found that the action in the federal court tolled the statute of limitations and the actions in the state court was not time-barred.

"As demonstrated by Bollinger and Elkins, application of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." (Addison, supra, 21 Cal.3d, at p. 319)

The court finds that insofar as the filing in the District Court is concerned, these criteria are met.

The question remaining is whether or not when it became apparent that the District Court case was going to be dismissed and then later was in fact dismissed, the plaintiff acted with diligence. Nicols contains language concerning this problem: "Prejudice to the defendants, Nicols lack of good faith, or the unreasonableness of his conduct does not appear on the face of the complaint. Neither does any unreasonable delay in filing the case at bench, a factor which might also be at bar to the action in light of the equitable foundation of the applicable tolling rule. Nicols, supra, 83 Cal.App. 3d, at pp. 963 and 964.

The purpose of the statute of limitations is to prevent surprise to the defendant from the assertion of stale claims. In light of that purpose, the factor of unreasonable delay must be weighed. I conclude that there was not unreasonable delay in the filing of the case in this court. Melcher, et al v. The Continental Insurance Company, Superior Court of Guam, Civil Case No. 15-79, Order filed March 22, 1979.

It is therefore ordered that the motion be, and it hereby is, denied.