[Civ. No. 22192. Fourth Dist., Div. One. Oct. 6, 1980.]

BRUCE CORNBLUM et al., Plaintiffs and Appellants, v.
BOARD OF SUPERVISORS OF SAN DIEGO COUNTY et al.,
Defendants and Respondents.

**COUNSEL**

Bruce Cornblum, in pro. per., and Popko & Cornblum for Plaintiffs and Appellants.

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, Anthony Albers and John R. Garcia, Deputy County Counsel, for Defendants and Respondents.

OPINION

STANIFORTH, J.—Bruce Cornblum and Joanna Mills (plaintiffs) taxpayers' suit sought to enjoin and prevent cruel and inhuman conditions in the San Diego County jail, to compel defendants county board of supervisors and Sheriff John Duffy to operate and supervise the jail facilities in compliance with state and federal law. The trial court sustained without leave to amend the general demurrer to the complaint. Plaintiffs appeal the judgment of dismissal.

The complaint alleges in pertinent part: Plaintiffs are resident San Diego County taxpayers. The San Diego County Board of Supervisors (Board) is charged with the duty to preserve the county public health and appoint a health officer to enforce public health statutes. This includes responsibility for health and sanitary conditions of every county jail. John Duffy is the Sheriff of San Diego County charged with the duty of maintaining its jails.

These jail facilities are continually overcrowded, affecting injury to the health of inmates, a substantial majority of whom are county taxpayers. This overcrowding caused inmates to be subjected to degrading conditions by eliminating minimal conditions of human privacy, unduly lengthening booking procedures and subjecting inmates to violence because of lack of adequate supervisory personnel. It is also alleged the jail is infested with roaches and other insects, the floors and walls are covered with filth and the food facilities are so inadequate as to produce food unfit even for animal consumption.

As a proximate result of these deficiencies, the complaint claims taxpayer money is being spent to maintain jail facilities in an inhuman condition, violating the California Constitution and the United States Constitution prohibition against cruel and unusual punishments; a denial of due process under the 14th Amendment to the United States Constitution and article I, section 7 of the California Constitution is the inevitable result.

Plaintiffs allege standing to sue was necessitated by defendants' knowing disregard of grand jury reports (since 1970) of these abhorrent conditions and the failure of legislative attempts to remedy the jail situation. Plaintiffs pray for an order requiring defendants to take specified corrective measures.

After hearing, the trial court sustained the demurrer to the complaint without leave to amend on the grounds (1) the court had no jurisdiction over the subject matter of the cause of action alleged in the pleading, (2) the persons who filed the pleading did not have standing or legal capacity to sue, and (3) the pleadings did not state facts sufficient to constitute a cause of action. From the bench the court made this further observation: "Furthermore, there is a present lawsuit [judicially noticed by the trial court] now pending brought by the American Civil Liberties Union against the Sheriff with respect to all the conditions in the jail. That lawsuit, I think, will adequately present all the issues that you would seek to have presented...."

## DISCUSSION

■ Code of Civil Procedure section 526a authorizes a taxpayer to file "[a]n action to...prevent[] any illegal expenditure of...funds...of a...city and county of the state...." "The primary purpose of this statute, originally enacted in 1909, is to 'enable a large body of the citizenry to challenge governmental action which would otherwise go unchallenged in the courts because of the standing requirement.'" (*Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 267-268 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206].) That section provides "a general citizen remedy for controlling illegal governmental activity." (*White* v. *Davis* (1975) 13 Cal.3d 757, 763 [120 Cal.Rptr. 94, 533 P.2d 222]; *Wirin* v. *Parker* (1957) 48 Cal.2d 890, 894 [313 P.2d 844].)

The plaintiffs are private persons, taxpayers of San Diego County. The propriety of their challenge to the legislative or executive acts or failures to act depends upon their fitness to raise the issue (standing to sue) and the amenability of the issue raised to judicial redress (justiciability). (*Flast* v. *Cohen* (1968) 392 U.S. 83, 91-103 [20 L.Ed.2d 947, 956-964, 88 S.Ct. 1942]; *Harman* v. *City and County of San Francisco* (1972) 7 Cal.3d 150, 159 [101 Cal.Rptr. 880, 496 P.2d 1248]; Jaffe, *Standing to Secure Judicial Review. Private Actions* (1961) 75 Harv. L.Rev. 255, 304-305.)

The complaint on its face alleges facts sufficient to establish plaintiffs' right to sue for injunctive relief. The express terms of the statute authorize their action. California courts have consistently construed section 526a liberally to achieve its remedial purpose. (*Van Atta v. Scott* (1980) 27 Cal.3d 424, 447 [166 Cal.Rptr. 149, 613 P.2d 210].)

Defendants, however, contend that the *stake* of Cornblum and Mills in the issue tendered is minimal, not of sufficient magnitude to assure that relevant facts and contentions will be adequately presented. (*St. John v. Superior Court* (1978) 87 Cal.App.3d 30, 35-36 [150 Cal.Rptr. 697].) It is pointed out there is an abundance of persons who are proper party plaintiffs to challenge the constitutionality of the conditions in the county jail. High authority recognizes this factor in determining standing to sue.

"The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a . . . court, and not on the issues he wishes to have adjudicated." (*Flast* v. *Cohen, supra,* 392 U.S. 83, 99 [20 L.Ed.2d 947, 961].) A party enjoys standing to bring his complaint into court if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case. (*Baker* v. *Carr* (1962) 369 U.S. 186, 204 [7 L.Ed.2d 663, 677-678, 82 S.Ct. 691].) As Professor Jaffe has stated, we must determine standing by a measure of the "intensity of the plaintiff's claim to justice." (Jaffe, *supra,* 75 Harv.L.Rev. at p. 304; see also *Harman* v. *City and County of San Francisco, supra,* 7 Cal.3d 150, 159; *Zee Toys, Inc.* v. *County of Los Angeles* (1978) 85 Cal.App.3d 763, 780 [149 Cal.Rptr. 750].)

The California Supreme Court has, pending this action, determined this precise issue, on parallel facts and contentions, favorable to the Cornblum-Mills position. In *Van Atta* v. *Scott, supra,* 27 Cal.3d 424, 447-448, the court held: "[T]he existence of individuals directly affected by the challenged governmental action—here pretrial detainees—has not been held to preclude a taxpayers' suit. Numerous decisions have affirmed a taxpayer's standing to sue despite the existence of potential plaintiffs who might also have had standing to challenge the subject actions or statutes [Fn. omitted.] For example, in *Blair, supra,* . . . this court permitted taxpayers to maintain an action challenging the claim and delivery statute even though aggrieved persons directly affected by its operation also had standing to sue."

A host of California decisions support this conclusion. (*Van Atta v. Scott, supra*, 27 Cal.3d 424, 448, fn. 21.)

This favorable—to plaintiff—resolution of this first issue does not compel reversal of the judgment, for inherent in or in addition to the "standing to sue" requirement lurks the second hurdle of "justiciability." (*Harman v. City and County of San Francisco, supra*, 7 Cal.3d 150, 159.) An attempt at defining this concept was made by the United States Supreme Court when it said: "Justiciability is itself a concept of uncertain meaning and scope. . . .Thus, no justiciable controversy is presented when the parties seek adjudication of only a political question, when the parties are asking for an advisory opinion, *when the question sought to be adjudicated has been mooted by subsequent developments*, and when there is no standing to maintain the action. Yet it remains true that '[j]usticiability is. . .not a legal concept with a fixed content or susceptible of scientific verification. Its utilization is the resultant of many subtle pressures. . . .' *Poe v. Ullman*, 367 U.S. 497, 508 [81 S.Ct. 1752, 1759], . . ." (*Flast v. Cohen, supra*, 392 U.S. 83, 95 [20 L.Ed.2d 947, 959]; italics added; fns. omitted.) Although a "justiciable" question is present when the complaint is filed, subsequent factual developments may turn it into a mooted question. (*California v. San Pablo & C. Railroad* (1893) 149 U.S. 308 [37 L.Ed. 747, 13 S.Ct. 876, 878].) And in *Nader v. Saxbe* (D.D.C. 1974) 497 F.2d 676, 682, it was held "events have mooted this case." (See also *Alton & So. Ry. Co. v. International Ass'n of Mach. & A. W.* (D.D.C. 1972) 463 F.2d 872; *Mision Ind., Inc. v. Hernandez-Colon* (D.C.P.R. 1975) 430 F.Supp. 273, 276.)

■ At the time this action was filed, there was pending in the San Diego County Superior Court a class action, captioned Henry D. Hudler, et al. v. John F. Duffy, et al. (404148), brought *by* and on behalf of residents of the United States and California who were then incarcerated in the San Diego County jail and who alleged violation of their personal constitutional rights.

The trial court judicially noticed (Evid. Code, § 452, subd. (d); *Val's Painting & Drywall, Inc. v. Allstate Ins. Co.* (1975) 53 Cal.App.3d 576, 579 [126 Cal.Rptr. 267]) that action which had been filed September 17, 1977—two years before the case at bench—and it tendered an exhaustive list of inmate complaints concerning the conditions in the San Diego County jail. Pending this appeal, a lengthy trial was held and judgment entered August 14, 1980. We judicially notice that pro-

ceeding, its record and decree. (Evid. Code, § 452, subd. (d); *Miranda v. Great Southwest Fire Ins. Co.* (1975) 50 Cal.App.3d 492 [123 Cal. Rptr. 357].) The meticulously detailed findings of fact and judgment compel the parties to that action—the County of San Diego and Sheriff Duffy—to rectify not only the matter related by these plaintiffs' suit but a host of other conditions violative of a prisoner's constitutional rights. Moreover, the Hudler judgment is interlocutory in nature in that it requires the sheriff to make "feasability studies" and report to the court for further proceedings looking toward corrective orders on a whole variety of additional specified matters.

To authorize a taxpayer's suit by these plaintiffs when another suit was in process—has in fact ripened into judgment—brought by persons with an immeasurably greater stake in the issues tendered is to invite a duplicative, unnecessary lawsuit. Later events have mooted plaintiffs' lawsuit; they tender no "justiciable" issue. The policy considerations underlying Code of Civil Procedure section 526a and the *Van Atta* decision are totally lacking here.

Judgment affirmed.

Brown (Gerald), P. J., and Hamrick, J.,* concurred.

A petition for a rehearing was denied October 21, 1980.

---

*Assigned by the Chairperson of the Judicial Council.