**Nathan BRACKEN, on behalf of himself and all others similarly situated, Plaintiffs,**

v.

**HARRIS & ZIDE, L.L.P., Robert T. Harris, Flint C. Zide, Frank Tirre, Defendants.**

**No. C–02–05146 RMW.**

United States District Court, N.D. California, San Jose Division.

Jan. 8, 2004.

482

Ronald Wilcox, San Jose, CA, Brian L. Bromberg, Brian L. Bromberg, P.C., New York City, Lance A. Raphael, Stacy M. Bardo, Consumer Advocacy Center, P.C., Chicago, IL, for Plaintiffs.

June D. Coleman, Mark E. Ellis, Murphy, Pearson, Bradley & Feeney, Sacramento, CA, for Defendants.

## ORDER GRANTING LEAVE TO ADD CO–TRUSTEES OF THE ROBERT T. HARRIS TRUST AS DEFENDANTS

WHYTE, District Judge.

Plaintiff Nathan Bracken's motion for leave to add the Robert T. Harris Trust and its co-trustees as defendants was heard on December 19, 2003. Defendants opposed the motion. For the reasons set forth below, the court grants leave to add the co-trustees of the Robert T. Harris Trust as defendants.

### I. BACKGROUND

On October 23, 2003 plaintiff filed a complaint against Robert T. Harris, Flint C. Zide, Harris & Zide, and Frank Tirre alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Unfortunately, Robert T. Harris recently passed away. Although defendants have failed to serve or file a "statement of death" under Fed.R.Civ.P. 25, plaintiff has moved for substitution of defendants.

Mr. Harris left a Living Trust, the Robert T. Harris Trust, with two co-trustees, Robyn Carol Marshall and Roseanne Cheryl Zide. Plaintiff seeks leave to substitute the Robert T. Harris Trust and its co-trustees as successors-in-interest to Mr. Harris's liabilities in the present cause of action.

### II. ANALYSIS

A. *Standard For Survivability Of Right Of Action*

Under Fed.R.Civ.P. 25(a), if a right of action survives the death of a party, "the court may order substitution of the proper parties." FRCP 25(a). "The question of whether an action survives the death of a party must be determined by looking towards the law ... under which the cause of

action arose." *Continental Assurance Co. v. American Bankshares Corp.*, 483 F.Supp. 175, 177 (E.D.Wis.1980). The general rule is that statutory claims that are primarily penal in nature do not survive the death of the wrongdoer, while statutory provisions with a remedial purpose may survive. *See United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir.1983) (affirming *Schreiber v. Sharpless*, 110 U.S. 76, 80, 3 S.Ct. 423, 28 L.Ed. 65 (1884) (actions for penalties do not survive the death of the plaintiff)); *see also Continental Assurance*, 483 F.Supp. at 179 (actions that are remedial in nature survive the death of the defendant). As one court explained:

> the general rule today with respect to the survival of tort actions against decedents' estates is that actions essentially for penalties do not survive for the reason that a decedent is beyond punishment, but that actions to recompense or compensate a plaintiff for a harm inflicted upon him by a decedent do survive, for an estate can, and we think should, compensate for injury to the same extent as the decedent had he lived.

*Derdiarian v. Futterman Corp.*, 223 F.Supp. 265, 269 (S.D.N.Y.1963) (quoting *Kirk v. C.I.R.*, 179 F.2d 619, 621 (1st Cir.1950)). Thus, the primary inquiry is whether § 1692 of FDCPA is penal or remedial in nature. *Riggs v. Government Employees Financial Corp.*, 623 F.2d 68, 70 (9th Cir.1980).

B. *Whether The FDCPA Is Penal Or Remedial*

The labels "penal" and "penalty" are often used in reference to civil actions in which neither the liability nor remedy imposed is strictly penal. *Huntington v. Attrill*, 146 U.S. 657, 667, 13 S.Ct. 224, 36 L.Ed. 1123 (1892); *Riggs*, 623 F.2d at 71; *United States v. Edwards*, 667 F.Supp. 1204, 1212 (W.D.Tenn.1987). "In light of this ambiguity, courts apply a three-factor analysis to determine if such actions are 'penal' for the purposes of determining survivability." *Edwards*, 667 F.Supp. at 1212; *see also James v. Home Construction Co. of Mobile, Inc.*, 621 F.2d 727, 730 (5th Cir.1980). "Those

factors are: 1) whether the purpose of the statute was to redress individual wrongs or more general wrongs to the public; 2) whether recovery under the statute runs to the harmed individual or to the public; and 3) whether the recovery authorized by the statute is wholly disproportionate to the harm suffered." *Id.*

■ No case has been cited that discusses the survivability of FDCPA claims. There are, however, cases applying the three factor test for purposes of survivability of claims under the Truth–in–Lending Act ("TILA"), 15 U.S.C. § 1635. Because the damages provisions of the FDCPA were modeled after the damages provisions of the TILA, cases decided under the TILA are helpful in construing the FDCPA. *See Fry v. Hayt. Hayt & Landau*, 198 F.R.D. 461, 472 (E.D.Pa. 2000) (comparing § 1692k of the FDCPA to § 1640 of the TILA); *See also Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir.2002) ("[b]ecause the FDCPA, like the Truth in Lending Act ... is a remedial statute, it should be construed liberally in favor of the consumer"). The Ninth Circuit has found that portions of the TILA further significant penal objectives, while also serving a clearly remedial purpose. *Riggs*, 623 F.2d at 70–71. Yet, the Ninth Circuit agrees with other circuits' conclusion that "Congress' primary intent [for the TILA] was to remedy abuses from consumer ignorance of the nature of credit arrangements by requiring disclosures." *Id.* (quoting *Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407 (7th Cir.1980) (TILA claim survived death of plaintiff) overruled on unrelated grounds by *Pridegon v. Gates Credit Union*, 683 F.2d 182 (7th Cir.1982)); *James*, 621 F.2d at 729–30. An examination of the sections of the FDCPA on which plaintiff bases his claim similarly supports the conclusion that the FDCPA is primarily remedial.

### 1. *Individual vs. Public Wrongs*

■ If the purpose of the statute is to redress an individual wrong it is more likely to have a remedial purpose. *See Riggs*, 623 F.2d at 72. When considering whether the purpose of the statute is to redress individual wrongs as opposed to deterring public wrongs, courts refer to the Congressional findings and declaration of purpose. *James*, 621 F.2d at 730. In § 1692 of the FDCPA, the Congressional findings and declaration of purpose state the act is meant to end abusive debt collection practices which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). The focus of these harms is distinctly on the individual. The Ninth Circuit has also viewed the purpose of the act as redressing individual injury. In *Baker v. C.G. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir.1982), the court said the FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." Consequently, § 1692e of the FDCPA is meant to redress injury to the individual.

### 2. *Recovery Runs To The Individual Or The Public*

"The second factor whether the recovery runs to the individual or the public is obviously closely related to the first." *James*, 621 F.2d at 730. In *James* the court noted that the TILA recission remedy is an individual remedy and thus found the recovery runs to the individual. *Id.* The civil damages provision of FDCPA, 15 U.S.C. § 1692k, states, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person." By awarding liability directly to the injured debtor, the FDCPA creates an individual remedy. As such, the FDCPA recovery runs to the individual.

### 3. *Relationship Of Recovery To The Harm*

The third factor, the relationship of the recovery to the harm, requires an examination of the provisions of the FDCPA on which plaintiff bases his claim, namely § 1692e(3), e(5), and e(10). Together, these provisions address the use of false representations, threats, and deceptive practices to collect a debt from an individual. 15 U.S.C. § 1692e. The use of such practices to obtain the debtor's property is akin to fraud.

*James,* 621 F.2d at 730. Compensation for the loss incurred due to fraud is the type of claim traditionally viewed as remedial. *See Derdiarian,* 223 F.Supp. at 271 (attempt to recompense defrauded purchasers of stock justifies application of the "remedial" label). Therefore, the third factor supports the proposition that § 1692e is not a penal provision.

Given all three factors indicate § 1692e of the FDCPA is not a penal statute, the court finds it to be primarily remedial in nature. As such, a cause of action under § 1692e survives the death of the wrongdoer.

## C. *Application of FRCP 25*

█ Fed.R.Civ.P. 25 requires a motion to substitute a deceased party be brought within 90 days of service of the formal statement of death. Defendants have not filed or served a statement of death, meaning this motion is not time barred. However, defendants properly object to the addition of the Robert T. Harris Trust as a defendant because a trust is not a legal entity capable of being sued. *Blue Ridge Ins. Co. v. Stanewich,* 142 F.3d 1145, 1150 (9th Cir.1998); *Tanner v. Best,* 40 Cal.App.2d 442, 445, 104 P.2d 1084 (1940). Any litigation must be maintained against the co-trustees. *Id.* When an action is filed against the trust estate the court may substitute the trustee as the defendant. *Id.* Defendants put forth no specific objection to the addition of the co-trustees of the Robert T. Harris Trust, Robyn Carol Marshall and Roseanne Cheryl Zide, as the successors to the late Mr. Harris. As such the court grants leave to add the co-trustees as defendants, but not the trust itself, pursuant to Fed.R.Civ.P. 25 and 15.

## III. ORDER

For the foregoing reasons, the court grants plaintiff leave to substitute for defendant Robert T. Harris the co-trustees of the Robert T. Harris Trust, currently listed as Robyn Carol Marshall and Roseanne Cheryl Zide.